# Appeal of Aaron Wolf, Attorney in Fact for Jacob Sankey et al.

The word "resident" in the act of May 4, 1855 (Purdon's Digest, 78, pl. 1), in relation to the adoption of children, includes both a permanent and a temporary resident.

A petition for adoption which set forth that the petitioner was a "temporary resident" in the county where the petition was presented is sufficient to give the court jurisdiction.

Where a court having jurisdiction of the subject-matter entered a decree of adoption and the child adopted lived with and was maintained by her adopted father for nine years, the administrator and collateral heirs of the adopted father have no standing to ask that the decree of adoption should be vacated.

(Argued March 14, 1888. Decided April 23, 1888.)

January Term, 1888, No. 365, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Lycoming County in the matter of adoption of a minor child, November Term, 1878, No. 353. Affirmed.

NOTE.—The act of May 4, 1855, was amended by the act of May 19, 1887, P. L. 125. Under the act of July 2, 1901, P. L. 606, the courts are authorized to decree the adoption of children residing in the county where application is made by persons residing in other states.

The facts are fully stated in the opinion of the court below, by CUMMIN, P. J., which was as follows:

On the application of Aaron Wolf, as administrator and attorney in fact of the heirs of Samuel Sankey, now deceased, a rule was granted to show cause why the decree of adoption herein should not be set aside.

In October, 1878, Caroline Sankey was a minor child, aged about nine years, living in Lycoming county. Her father and mother were both dead. They had resided in Lycoming county. October 24, 1878, L. G. Huling, a brother of her mother, was appointed her guardian.

October 25, 1878, the petition of Samuel Sankey, a brother of her father, was presented to the orphans' court, praying that he should be appointed guardian of said minor; whereupon, the court granted a rule on L. G. Huling to appear November 4, 1878, and show cause why his appointment as guardian, made October 24, 1878, should not be revoked.

November 11, 1878, the following petition was presented by Samuel Sankey:

"State of Pennsylvania, Lycoming county. In the court of common pleas of said county. To the Honorable the Judge of the Court of Common Pleas and of the Orphans' Court of the county aforesaid: The petitioner, Samuel Sankey, shows to this honorable court that he is a married man, without children, now living and a resident of the city and county of San Francisco, in the state of California, and that he is now a temporary resident at Williamsport, in the county aforesaid, and as such resident he is desirous of adopting Caroline Sankey, often and commonly called Carrie Sankey, as his heir at law. And your petitioner represents that he will perform the duties of a parent to said Carrie Sankey. And your petitioner further represents that said Carrie Sankey is an orphan, and is the daughter of Cyrus K. Sankey and Caroline, his wife; and that said Cyrus K. Sankey was the brother of your petitioner, and that he and his wife died intestate and wholly insolvent, and that your petitioner is next of kin to said Carrie Sankey, and as such he desires to adopt said orphan child as stated above. Your petitioner further represents that all of the brothers and sisters of said C. K. Sankey cheerfully consent that your petitioner shall adopt said child, who is now of the age of nine years, for the purpose of caring for her, educating her, and protecting her as his own child. Your

petitioner further shows to the court that the kinfolks on the part of the mother of said child are not so situated and circumstanced that they can care for said child. Respectfully submitted. (Sig.) Samuel Sankey."

Affidavit, etc.

November 11, 1878, on presenting this petition to the court, a rule was granted on L. G. Huling to show cause why the prayer of the petitioner should not be granted. J. L. Meredith, Esq., was appointed commissioner to take testimony. Rule returnable November 12, 1878, at 10 A. M. November 12, 1878, on application of Mr. Huling, the time for return of testimony was extended to 2 o'clock P. M. November 13, 1878, on motion of Mr. Huling, the time for taking testimony was extended to Thursday, the 14th inst.

At that time, ever since, and now the president judge of the court of common pleas of Lycoming county was and is the president judge of the orphans' court in said county, and was and is the only judge of both said courts.

The questions raised by the papers recited no doubt came before the president judge (Hon. JAMES GAMBLE) and were considered by him at the same time, as would appear by the following orders and decrees, all made on the same day:

January 2, 1879, the appointment of L. G. Huling as guardian of Caroline C. Sankey is revoked, and Samuel Sankey is allowed to adopt the minor child.

January 2, 1879, Samuel Sankey is appointed guardian of the person and estate of Caroline C. Sankey, minor child of Cyrus K. Sankey, deceased. Bail in the sum of $100, to be approved according to law.

January 2, 1879, order and decree: Samuel Sankey, Esq., at present resident in said county of Lycoming, presented his petition to the said court, declaring his desire to adopt Caroline C. Sankey, a minor child of Cyrus K. Sankey, deceased, and promising to perform all the duties of a parent, and confer upon her all the rights of a child and heir. And it appearing to the court that both parents of said minor child are dead, and that the uncles and aunts, as next of kin on the father's side of said minor child, consent and approve of said adoption—and after careful investigation and inquiry, it appearing to the court that the interests and welfare of the said minor child will be promoted by

being adopted as the child and heir of the said petitioner, there-
fore it is ordered and decreed as follows: And now, to wit, Jan-
uary 2, 1879, at an adjourned court held at Williamsport, in said
county, it is ordered and decreed that Caroline C. Sankey, a
minor child of Cyrus K. Sankey, late of said county, deceased,
be and she is hereby declared to be adopted by Samuel Sankey,
Esq., with all the rights of a child and heir of the said Samuel
Sankey, and that she be also subject to all the duties of such
child, and shall assume the name of the adopting parent, and to
all intents and purposes have, enjoy, and inherit all the rights
and privileges, and be subject to all the duties of a lawful child
of said adopting parent, of which a copy of this record shall be
sufficient evidence, agreeably to the provisions of the act of the
general assembly of Pennsylvania, approved May 4, A. D. 1855.
By the court.                    JAMES GAMBLE, P. J.

November 23, 1886, Samuel Sankey died.

November 3, 1887, Aaron Wolf, as administrator and attorney
in fact for the heirs and next of kin of Samuel Sankey, deceased,
presented his petition to the court of common pleas of Lycoming
county, entitled in the adoption proceedings above stated, and
setting forth as follows:

I.   That Samuel Sankey, the petitioner in said proceedings,
was a resident and citizen of the state of California at the time
of the filing of said petition, and afterwards to the day of his
death, to wit, on the 23d day of November, 1886; and that the
said Caroline C. Sankey is now about eighteen years of age, and
now a resident of the city of San Francisco, in the state of Cali-
fornia.

II.   The petitioner's appointment as attorney in fact, etc.,
the names and residences of the heirs; the petitioner's appoint-
ment as administrator, etc.

III.   A copy of the decree of Hon. JAMES GAMBLE, hereinbe-
fore recited.

IV.   That the said order and decree was made on a petition
signed by Samuel Sankey, and duly filed in said number and
terms, wherein it is stated that the petitioner is a resident of the
state of California, and further that the brothers and sisters of
said Cyrus K. Sankey cheerfully consented to the adoption
prayed for.

That your petitioner is informed and believes that he can establish by evidence on the hearing in this case, that the brothers and sisters of Cyrus K. Sankey never consented to and had no knowledge of said application for adoption, except that the brother, James W. Sankey, may have had some knowledge thereof; and further, that the uncle of said Caroline C. Sankey, L. G. Huling, Esq., residing at the time of the application in the county of Lycoming, and who was the brother of the mother of the said minor child, and nearest of kin to said child on the side of the mother, objected most strenuously to the decree of adoption.

VI. That your petitioner is informed and verily believes that the aforesaid order and decree of adoption was obtained by a misrepresentation of the facts of that case; and further, your petitioner is informed by counsel that the court had no jurisdiction in the premises, the said Samuel Sankey not being a resident of the county of Lycoming, in the state of Pennsylvania, at the time of the application so as aforesaid made.

Your petitioner therefore prays Your Honor to grant a rule to show cause why said order and decree should not be revoked. And he will ever pray, etc. (Sig.) Aaron Wolf, administrator and attorney in fact.

Affidavit and copies, etc., attached.

November 3, 1887, the foregoing petition was presented and rule granted as prayed for. Returnable January 5, 1888.

January 5, 1888, the answer and demurrer of Caroline C. Sankey and C. S. Coggin, her guardian, was filed. The demurrer is in the following words:

This respondent further says that the petition is not sufficient in law, and for cause of demurrer showeth:

I. That the decree sought to be revoked shows upon its face that the court had jurisdiction in the premises.

II. That the facts alleged in the petition have all been adjudicated by a court of competent jurisdiction, and whether or not all the brothers and sisters of Samuel Sankey assented to the adoption is immaterial.

III. That nine years having elapsed since the decree of adoption sought to be revoked was made by said court and entered of record in the court of common pleas of Lycoming county,

and the petitioner and those whom he represents having during all that period acquiesced in that decree, and no proceedings having been instituted to revoke the same during the lifetime of said Samuel Sankey, they are now since his death estopped from contesting its validity.

IV.  That the petitioner and those whom he represents, being the heirs and legal representatives of said Samuel Sankey, deceased, are estopped from taking advantage of a wrong or fraud perpetrated by said Samuel Sankey to the prejudice of the innocent party who has acquired vested rights by virtue of the acts of said deceased.

V.  That the petitioner and those whom he represents, as shown by the petition, sustain no such relation to Caroline C. Sankey and have no such interest in and control over her person and estate as entitles them to institute these proceedings for the revocation of the said decree of adoption.

VI.  That the facts alleged in the petition are insufficient to entitle the petitioner to the relief prayed for, either at law or in equity.  Wherefore, Caroline C. Sankey and C. S. Coggin, her guardian, by J. J. Metzger, their attorney, pray the court to dismiss the petition, with their reasonable costs in this behalf sustained.

The act of May 4, 1855, under which the adoption proceedings were had (Purdon's Digest, 78, pl. 1), provides: "It shall be lawful for any person desirous of adopting any child as his or her heir, or as one of his or her heirs, to present his or her petition to such court in the county where he or she may be resident, declaring such desire and that he or she will perform all the duties of a parent to such child; and such court, if satisfied that the welfare of such child will be promoted by such adoption, may, with the consent of the parents or surviving parent of such child, . . . or, if none, of the next friend of such child, or of the guardians or overseers of the poor, . . . decree, etc."

The court is asked to set aside this decree of adoption on two grounds:  First, want of jurisdiction; second, misrepresentation of facts.

The jurisdiction of the court in this case must appear in the petition presented by Samuel Sankey to the court asking for the decree of adoption.  The petition is entitled "State of Pennsylvania, Lycoming County," and sets forth these words:  "The

petitioner, Samuel Sankey, shows to this honorable court that he is a married man, without children, now living and a resident of the city and county of San Francisco, in the state of California, and that he is now a temporary resident at Williamsport, in the county aforesaid and as such resident he is desirous of adopting," etc.

The affidavit to the facts set forth was made by the petitioner before the clerk of the orphans' court of Lycoming county.

It is as a "temporary resident" at Williamsport, in the county of Lycoming, that the petitioner invokes the powers of the court of that county. The petition for revocation does not declare that Samuel Sankey was not personally present in Lycoming county during the time said adoption proceedings were pending; nor does it deny that during that time he was a temporary resident in said county.

Does the word "resident," as used in the act of May 4, 1855, *supra,* include a temporary resident?

The word "resident" has received various interpretations by many different courts, depending largely upon the scope of the statute in which it is found and the connections in which it is used. Thus it is sometimes used in connection with the words "inhabitant," "citizen," "freeholder," and the like; again, it is used in connection with a period of time, as in our Constitution, on the subject of elections—"he shall have resided in the state one year and in the election district two months," etc.; as in our divorce laws the applicant must have resided in the state one year or more.

The purpose of our adoption act is to promote the welfare of the child to be adopted, and anyone desirous of adopting a child may invoke the power of the court of the county in which he or she may reside. It does not require that the petitioner shall be a citizen, a freeholder, nor an inhabitant; nor does it require that he shall reside any certain length of time. It does not say that he shall be a permanent resident, which has been held to be synonymous with inhabitant, nor that he may be a temporary resident, which has been held synonymous with a sojourner. After a careful examination of all the authorities cited (they are too numerous to be classified or referred to here), I am of opinion that the word "resident," as used in the act of May 4, 1855, includes both a permanent and a temporary resident; and

the jurisdiction of the court is therefore sufficiently set forth in the petition.

The second ground on which it is asked that this decree of adoption should be set aside is a misrepresentation of facts, to wit, the alleged consent of the brothers and sisters of the father of the child. It may first be observed that it was not necessary that all the uncles and aunts of this child should consent. It was evident that the adoption proceedings were contested; indeed the application to set aside the decree declares that L. G. Huling, Esq., an uncle on the mother's side, and a resident in Lycoming county, objected most strenuously to the decree of adoption. It was a contest between the paternal and maternal relatives of the same degree for the custody of the child. A commission to take testimony was appointed, and the time for taking testimony was extended from time to time at the instance of the contestant. L. G. Huling, Esq., the contestant, was during all that time the lawful guardian of the child. On the day the decree was entered, Huling's appointment as guardian was revoked and Samuel Sankey, the petitioner in the adoption proceedings, was appointed guardian of the child, and not only consented but sought the adoption of his ward. "After careful investigation and inquiry" the court found all the facts necessary to justify the decree, and thereupon made the decree complained of. In my opinion there is no sufficient allegation of misrepresentation of facts to justify the court in vacating this decree.

But, apart from the insufficiency of this application, what standing in court have these applicants to ask that this decree of adoption shall be vacated? When the proceedings were instituted and the decree of adoption made, the court undoubtedly had jurisdiction of the subject-matter, to wit, the child, Caroline C. Sankey, and the promotion of her welfare. Immediately on the entry of the decree and thereafter she was entitled to be maintained and educated by Samuel Sankey, and on his death was entitled to inherit as his child. Nearly nine years after the decree was entered, and more than one year after the death of her adopted father, his administrator and collateral heirs come into court and ask that this decree of adoption be vacated. They are not here in the interest nor on behalf of the innocent subject of adoption, but decidedly against the same. They are either strangers to the adoption proceedings and therefore have no standing in court, or they are privies in blood or in law, and

stand in the shoes of Samuel Sankey, through and under whom
they claim. Surely Samuel Sankey, if living, would not be
heard in this court, questioning its decree made at his solicita-
tion. He invoked the jurisdiction of the court; he asked that
the decree of adoption should be made; he got what he desired,
and he would not now be allowed to question the means he set in
motion. If any wrong was done, Samuel Sankey did it; and
neither he nor those who claim under him can be permitted to
take advantage of his wrong to the prejudice of an innocent
party.

On the argument many cases were cited where decrees of
adoption have been set aside at the instance or in the interests
of the adopted child; but none were cited nor will any, likely,
ever be found where such decrees were revoked at the instance
of the party who invoked the power of the court and sought and
obtained its decree, when such revocation would be to the preju-
dice of the innocent child.

And now, February 11, 1888, this matter came on to be heard
on petition and demurrer, and was argued by counsel; where-
upon, on due consideration thereof, it is ordered and decreed
that the demurrer be and the same is sustained, and the rule to
show cause is discharged, with costs.

The assignment of error specified the action of the court in
discharging the rule to show cause.

*J. A. Beeber,* for appellant.—In order that the common pleas
of Lycoming county could have jurisdiction to make the decree,
the petitioner must have been a resident within the county of
Lycoming, and the consent of the next of kin of the child must
have been had. The petition sets forth that Samuel San-
key was "a resident of the city of San Francisco, in the state
of California, and that he is now a temporary resident at Wil-
liamsport, in the county of Lycoming." The facts set out in
the petition must determine the jurisdiction. Torrance v. Tor-
rance, 53 Pa. 505; *Re* Little Meadows, 28 Pa. 256.

A court of general jurisdiction, having special power derived
from statute, must be treated as a court of special or limited
jurisdiction; and the jurisdiction in such cases must be found
in the record, everything being presumed without it that does
not appear within it. Galpin v. Page, 18 Wall. 350, 21 L. ed.
959; Morse v. Presby, 25 N. H. 302.

This court in Pfoutz v. Comford, 36 Pa. 422, defines "residence" as being "made up of fact and intention; that is, of abode with intention of remaining."

In Casey's Case, 1 Ashm. (Pa.) 126, in a construction of the insolvent debtor law, Judge KING defines "residence" as a question of intention, coupled with the fact of removal.

See also Fry's Election Case, 71 Pa. 309, 10 Am. Rep. 698; Foster v. Waterman, 124 Mass. 592; Ross v. Ross, 129 Mass. 263, 266, 37 Am. Rep. 321; Roosevelt v. Kellogg, 20 Johns. 211.

Consent will not give jurisdiction in such a case. Schenley v. Com. 36 Pa. 29–54, 78 Am. Dec. 359; McKee v. Sanford, 25 Pa. 105; Scott v. Noble, 72 Pa. 115, 13 Am. Rep. 603; Oil City v. McAboy, 74 Pa. 249; Musselman's Appeal, 101 Pa. 169; Re Spring Street, 112 Pa. 258, 3 Atl. 581.

In Booth v. Van Allen, 7 Phila. 401–403, the court set aside a decree of adoption for misrepresentation of facts, and one of the facts misrepresented was that the next of kin consented. The necessity of consent is fully discussed. So far the case at bar disclosed no such consent as was there required.

Neither should the appellant be estopped in the proceedings by lapse of time. Samuel Sankey died November 23, 1886, and this application was made November 3, 1887. Surely it could not be claimed that the petitioners slept upon their rights; neither had the child acquired any vested rights under the decree of adoption; there was no change of name, and no right of property could be acquired during the lifetime of Samuel Sankey. Re Blair, 11 W. N. C. 239.

John J. Metzger and Charles J. Reilly, for appellees.—A temporary residence in the county is all that is required by the act of May 4, 1855, P. L. 431. The fact of residence was established in the court below.

The word "resident" in a statute must be construed with reference to the subject to which it is applied. It may mean a permanent residence for some period of time, as in the case of an elector or insolvent, who must have his abode in some place for a certain period before he can acquire certain privileges. It is often used to distinguish it from "inhabitant," and again it is frequently synonymous with "sojourner." 2 Rapalje & Lawrence, Law Dict. 1114.

In Trumbull v. Moss, 28 Conn. 253, a statute which provided that it should be the duty of the selectmen of the town to furnish necessary support to any person, not an inhabitant of the town, residing therein, who should become poor and unable to support himself, was construed to mean that a person who was temporarily there was within the meaning of the act. See also Collinson v. Teal, 4 Sawy. 241, Fed. Cas. No. 3,020.

The provision in the act that a person may present his petition to the court of any county of which he or she may be resident is a privilege conferred upon the party applying for adoption of a child, and is waived by submitting himself to the jurisdiction of any court having general jurisdiction of the subject-matter. Nagle v. Nagle, 3 Grant Cas. 155, 156; Putney v. Cathers, 7 Pittsb. L. J. 164; Brown v. Webber, 6 Cush. 560; Cleveland v. Welsh, 4 Mass. 592.

The petitioner representing the heirs and legal representatives of Samuel Sankey, the adopting parent, cannot be permitted to raise this question at this time. They are claiming through and under Samuel Sankey, and stand in his shoes, and can have no greater rights than he himself could have if here.

But these parties are not only estopped from questioning the jurisdiction of the court in the premises, but are also clearly estopped from questioning the validity of the decree of adoption on the ground, as they claim, of its having been procured by misrepresentation. Chapman v. Chapman, 59 Pa. 214; Cairncross v. Lorimer, 3 Macq. H. L. Cas. 829; 4 Jacob's Fisher's Digest, p. 4756.

All the parties represented by the appellant are privies in blood and in law of the adopting parent, Samuel Sankey, and are asking the revocation of this decree as claimants to the heirship of his estate. Surely, after this long period, they cannot have any standing to ask this or any other court to reverse the solemn decree made by the court below more than nine years ago, at the instance of the very party under whom they claim. This decree of adoption has during this entire period of nine years remained unassailed on the records of the court below. Privies in blood as well as privies in law and in estate are bound by estoppel. Crane v. Morris, 6 Pet. 598, 8 L. ed. 514; and Kelly v. Morris, 6 Pet. 622, 8 L. ed. 523; Hagerty v. Albright, 52 Pa. 274; Brown v. Brown, 101 Ind. 340.

It has been repeatedly held by this court that where a judg-

ment or decree has been entered, the validity of which has been recognized by some act of one of the parties which would cause the reversal of such judgment or decree to work injustice to the other party, the former is estopped from prosecuting an appeal or writ of error, even if taken in time. Baily v. Baily, 44 Pa. 274, 84 Am. Dec. 439; Smith v. Jack, 2 Watts & S. 101; Elmes v. Elmes, 9 Pa. 166; Ullery v. Clark, 18 Pa. 150.

PER CURIAM:

The decree in this case is affirmed, on the opinion of the learned judge of the court below; and it is ordered that the appellant pay the costs of this appeal.