[Sac. No. 701. Department One.—January 30, 1901.]

In the Matter of the Estate of GEORGE W. CAMP, Deceased.
W. H. CAMP, Appellant, v. W. M. THOMAS, Respondent.

ADOPTION OF MINOR CHILDREN—JUDICIAL FUNCTIONS OF JUDGE—DETER-MINATION OF JURISDICTIONAL FACT—COLLATERAL ATTACK.—Although the proceedings had for the adoption of minor children are not judicial proceedings, and the order of the judge thereupon is not the judgment of a court, yet the superior judge designated by the code to hear and determine such proceedings exercises judicial functions; and where his power to act depends upon jurisdictional facts to be established by evidence his determination thereof cannot be questioned in a collateral attack upon the order of adoption.

ID.—ABANDONMENT OF CHILDREN—RECITAL IN ORDER—CONCLUSIVENESS.—Where the petition for the adoption of minor children alleged that they had been abandoned by their parents, that fact is jurisdictional, and a recital in the order of adoption that it had been proved to the satisfaction of the judge is a determination thereof which is conclusive in a collateral attack upon the order.

ID.—ESTOPPEL OF ADOPTING FATHER AND CLAIMANTS UNDER HIM.—The adopting father is estopped to question the fact of abandonment recited in the petition and order, and the same is true of any person or persons claiming under him.

ID.—CONTEST FOR LETTERS OF ADMINISTRATION—ATTACK UPON ORDER BY BROTHER OF ADOPTING FATHER.—Upon a contest for letters of administration upon the estate of the adopting father between his brother and the public administrator, where it appears that the minor children adopted are sole heirs if the adoption is valid, and the proceedings and order of adoption were placed in evidence, the brother of the deceased, as a claimant under him, cannot be permitted to attack the order by proof that the parents of the children did not in fact abandon them.

APPEAL from an order of the Superior Court of Kings County granting letters of administration upon the estate of a deceased person. J. W. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

Dixon L. Phillips, for Appellant.

R. Irwin, and Hudson & Pryor, for Respondent.

HARRISON, J.—Applications for letters of administration upon the estate of the above-named decedent were presented to the superior court of Kings county by the public administrator of that county, the respondent herein, and also by the appellant, a brother of the deceased. Upon the hearing thereon the court made an order appointing the respondent as such administrator, and directing letters of administration to issue to him. The brother has appealed.

The deceased died intestate, leaving several brothers and sisters and a surviving widow and two adopted children, who at the hearing of the petition were aged respectively about eleven and eight years. The widow died shortly before the petitions were presented. At the hearing the proceedings taken in the lifetime of the decedent for the adoption of the children, including the order of the judge sanctioning their adoption, and declaring that they should thereafter be regarded and treated as the children of the decedent and his wife, were read in evidence. In reply thereto the appellant offered to introduce evidence showing that at the time the proceedings were had the children had not in fact been abandoned by their parents. The court excluded this evidence, and the appellant urges that in this ruling the court erred.

While the proceedings for the adoption of a minor child do not constitute judicial proceedings, and the order of the judge therein is not the judgment of a court, yet under section 227 of the Civil Code, the judge of the superior court has been designated as a tribunal for that purpose, and in the performance of his duties thereunder exercises judicial functions. It is a well-settled rule that when the jurisdiction of an inferior or special tribunal, or its power to act in any particular case, depends upon the existence of a fact which is to be established before it by extrinsic evidence, the determination of that fact by the tribunal cannot be questioned in a collateral attack upon its order. (Wells on Jurisdiction, sec. 61; *Brittain v. Kinnaird*, 1 Brod. & B. 432; *Evansville etc. R. R. Co. v. Evansville*, 15 Ind. 421; *Barnard v. Barnard*, 119 Ill. 92; *In re Grove Street*, 61 Cal. 438; *Levee Dist. No. 9 v. Farmer*, 101 Cal. 178; *People v. Reclamation Dist.*, 121 Cal. 522.)

Whether the children had been abandoned by their parents was a jurisdictional fact to be determined by the judge upon the evidence presented to him before he was authorized to entertain the petition for their adoption, and the recital in his order that it appeared to his satisfaction that they had been abandoned by their parents was a determination of this fact which cannot be questioned in a collateral attack upon the order. Otherwise the existence of this fact and the status of the children would be always uncertain, since the evidence might not be the same at all investigations, and might be regarded with different effect by different tribunals, and the adoption be held by one court to have been valid, while another court would hold it to have been of no avail. Whether the parents of the child in a direct proceeding against the adopting person for the recovery of the persons of the children would be bound by this determination of the judge, is not involved herein. It is very clear that, if an action had been brought against the decedent in his lifetime for necessaries supplied for the support of the children, he would not have been permitted to show in his defense that at the time of the proceedings for their adoption the parents had not in fact abandoned them. He would have been estopped by his recital of their abandonment in his petition. Inasmuch as the rights of the appellant herein are derived solely through and under the decedent, he can have no greater right to question the validity of the order than would the decedent.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.