# Helen Frances Young's Adoption.

*Adoption—Failure of father to support child—Act of May 28, 1915, P. L. 580—Decree—Consent of mother—Insanity of father—Death of father—Subsequent proceedings by mother to set decree aside—Status of committee—Appeal—Certiorari.*

1. By adoption a new status is created which cannot be stricken down because of regret of a parent who consented thereto.

2. A decree of adoption based upon a finding that the father of the child had neglected and refused to support said child for upwards of a year, is presumed to be based on evidence, and will not be set aside on the ground of lack of jurisdiction where the proceedings are before a proper tribunal, and no appeal was taken from the decree of adoption.

3. Whatever right a parent has to the custody of his child terminates at his death, and the committee in lunacy of a parent whose child had been adopted has no right after the death of the parent to join in an appeal from a decree refusing to set aside a decree of adoption.

4. A child whose father had failed to support it owing to ill health, and as the court below found within the meaning of the Act of May 28, 1915, P. L. 580, was adopted by relatives, under a decree of the court, to which the mother consented. The decree was based upon evidence which was not preserved of record. Thereafter the father died and the mother petitioned for the setting aside of the decree, contending that she had consented to the petition for adoption, in the belief that she was merely allowing the adopting parents to educate the child. There was no evidence of any fraud or bad faith on the part of the adopting parents. *Held,* the lower court properly refused to set aside the decree of adoption.

5. An appeal from a decree in an adoption proceeding is in effect a certiorari, and brings up nothing but the record. The Supreme Court cannot review the merits, but is entitled to inspect the whole record with regard to the regularity and propriety of the proceedings, and to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion, and if the proceedings are regular in these respects the appeal will be dismissed.

Argued Oct. 11, 1917.   Appeal, No. 103, Oct. T., 1917, by George W. Thompson, Committee of Nelson Young and Frances Thompson Young, from decree of C. P. Al-

legheny Co., July T., 1915, No. 2316, refusing to set aside
decree of adoption in case of In re Adoption of Helen
Frances Young.    Before MESTREZAT, POTTER, STEWART,
MOSCHZISKER and WALLING, JJ.    Affirmed.

Petition to set aside decree of adoption.    Before
SHAFER, P. J.

The opinion of the Supreme Court states the facts.

The court refused to set aside the decree.    George W.
Thompson, Committee of Nelson Young and Frances
Thompson Young appealed.

*Error assigned* was the decree of the court.

*A. Leo Weil,* with him *George W. Johnson, Charles M.
Thorp* and *L. Pearson Scott,* for appellants.

*William A. Challener,* with him *Clarence Burleigh,* for
appellees.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This is a proceeding to set aside a decree of adoption.
On June 21, 1915, James B. Laughlin and Clara Y.
Laughlin, his wife, residents of Pittsburgh, presented
their petition in the usual form to the Court of Common
Pleas of Allegheny County, setting forth, inter alia, their
desire of adopting as their child one Helen Frances
Young, the minor child of Nelson E. and Frances Thompson Young; that the mother had consented to the adoption and that the father had neglected and refused to
provide for the child for a period of more than one year
next preceding the presentation of the petition, etc.    Mrs.
Young also formally joined in the prayer of the petition
and gave her written consent to the adoption.    The
court, HON. THOMAS D. CARNAHAN presiding, proceeded
to a hearing at which Mr. and Mrs. Laughlin and Mrs.
Young were present and examined, and the matter fully
considered, at the conclusion of which the court made a

decree as follows: "And now, June 21, 1915, the foregoing petition presented in open court, and after hearing, it appearing to the court that Nelson E. Young, the father of Helen Frances Young, a minor child, has neglected and refused to support said child for upwards of one year, and that Frances Thompson Young, the mother of said child, has not been guilty of any neglect of said child, and has consented to its adoption by the petitioner, and it further appearing to the court that the welfare of said child will be promoted by the adoption of her by the petitioners, it is ordered and adjudged that said Helen Frances Young shall and do assume the name of Helen Young Laughlin, and have all the rights of an heir and child of said James B. Laughlin and Clara Y. Laughlin, his wife, and be subject to the duties of such child, and the adoption prayed for be and is hereby allowed and granted." The child's father was then in a sanitarium at Cincinnati, Ohio, where he had been a patient from October, 1913, suffering from mental and physical ailments, and where he remained until his death in July, 1916. Previous thereto, in April, 1916, George W. Thompson had been appointed his committee by proceedings in lunacy in West Virginia, where Mr. Young had formerly resided.

Mr. Young was a brother of Mrs. Laughlin, and during his illness was assisted financially by the Laughlins who had ample means. The parties were on terms of intimacy and the child had lived with the Laughlins for some months before the adoption. In the fall of 1915 Mrs. Young became dissatisfied because her wishes as to visiting and receiving visits from the child were not granted. The dissatisfaction culminated in May, 1916, when she and Mr. Young's committee filed a petition in the court below asking that the decree of adoption be set aside; to which petition the Laughlins filed answer and testimony was taken. After careful consideration, the court, in an opinion by President Judge SHAFER, refused the petition. From which order Mrs. Young and the

committee took this appeal.   The hearing on the petition to set aside the adoption was had after the death of Mr. Young.   It was urged by appellants in the court below and here that Mr. Young's failure to support his child was the result of ill health and not of drunkenness, profligacy or other cause within the meaning of the statute of May 28, 1915, P. L. 580;  and, as he had not consented to the adoption, the court was without jurisdiction. There was no record preserved of the evidence submitted to the court in the proceeding for adoption, so we have no accurate knowledge of just what it consisted.   The court there finds that the father "has neglected and refused to support said child for upwards of a year."   The presumption is that such finding was based on the evidence.   The proceedings are regular;  it was a matter within jurisdiction of the court;  and that was the proper tribunal to determine whether there had been such a neglect and refusal to support as is contemplated by law. The jurisdictional facts were averred and found and no appeal taken therefrom.   In our opinion the record discloses nothing that would warrant setting aside the decree of adoption for want of jurisdiction.   The father's legal status as a lunatic was not fixed until after the adoption, and he died before the order appealed from was made.   His rights terminated at his death;  and in our opinion his committee had no authority thereafter to join in the appeal, whatever his rights may have been theretofore.   The trust ended by the death of the lunatic: Sec. 41, Act of June 13, 1836, P. L. 592 (Purdon's Digest, Vol. 2, page 2396) ;  and the committee's authority then ceased : Stobert v. Smith, 184 Pa. 34.

Mrs. Young is practically the only appellant, and contends that while she signed the adoption petition it was done under a misapprehension and that she never in fact consented thereto, but thought it was a proceeding to enable the Laughlins to educate the daughter, not to have her as their own;  and also that whatever she did was the result of their persuasion and undue influence.   The

evidence fails to sustain either contention.    The petition for the adoption, her consent thereto and the court's decree are very simple and the matter was fully discussed in open court.    The weight of the evidence indicates that this adoption had been well considered.    There is nothing to support any claim of fraud or bad faith on the part of Mr. and Mrs. Laughlin.    Mrs. Young undoubtedly supposed that she would have the privilege of exchanging visits with the child, which was justified by the previous relations of the parties, although there was no agreement to that effect and that question is not before the court.    The adoption seems to have been suitable and for the child's welfare.    Mrs. Young's financial condition has improved since that time and she now feels able to care for her child and longs for its companionship.    But by adoption a new status was created which cannot be stricken down because of regret of a parent who consented thereto.

Mrs. Young was present in court and heard all the testimony including that as to her husband's neglect and refusal to support the child and joined in the prayer for the adoption, and we agree with the court below that, whatever Mr. Young's rights might be if alive, she cannot question the validity of the adoption on grounds personal to him.    The court acted upon the case as presented by Mrs. Young and others and she cannot now be heard to say that the facts were not as then stated: See Wolfe v. Gordon, 4 Sadler 307, and note.

An appeal in case of adoption is in effect a certiorari and brings up nothing but the record: Lewis' App. (Pa.), 10 Atlantic Repr. 126; Vandermis v. Gilbert, 10 Pa. Superior Ct. 570.    While in such case we cannot review the merits, yet "we are entitled to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion": Robb's Nomination Certificate, 188 Pa. 212; Independence Party Nomination, 208 Pa. 108; Franklin Film

Mfg. Corporation, 253 Pa. 422; see also In re Diamond St., Pittsburgh, 196 Pa. 254, and Foy's Election, 228 Pa. 14. In our opinion the court below did not exceed its jurisdiction or abuse its legal discretion in refusing appellants' petition.

The appeal is dismissed at the costs of the appellants.