# IN THE MATTER OF THE ADOPTION OF A CHILD BY ROBERT REICHEL AND WIFE.

## FLORENCE REICHEL KENNING v. WALTER ·REICHEL.[1]

April 15, 1921.

No. 22,193.

**Adoption — necessary parties.**

1. The purpose of an adoption proceeding is to change the status of the child in its relation to its adoptive parents, and the child, its natural parents or guardian and the adoptive parents, are the parties to the proceeding.

**No collateral attack on decree.**

2. A substantial compliance with the requirements of the statute will sustain the validity of the proceeding. The decree cannot be attacked collaterally.

**Presumptive heirs cannot object.**

3. The presumptive heirs of the adoptive parents cannot complain because they may be deprived of rights of inheritance by the adoption of a child.

**Estoppel against adoptive parents.**

4. When the adoptive parents obtain the decree they asked for and take the child into the family and treat it as their own, they and their heirs and personal representatives are estopped from asserting that the child was not legally adopted.

**Decree of adoption vacated — son entitled to notice before entry of decree.**

5. After the death of her adoptive parents, appellant made an ex parte application for the entry nunc pro tunc of a decree of adoption. The application, which was not based solely on the court records, but also on affidavits stating facts extraneous to the records, was granted. Thereafter, on the motion of a son and heir-at-law of the adoptive parents, the judgment so entered was vacated and he was given an opportunity to oppose appellant's application. Held that the son was entitled to notice before the judgment was entered and that the court properly vacated it for want of such notice.

[1]Reported in 182 N. W. 517.

148 M.—28.

Walter Reichel petitioned the district court for Waseca county for an order directing Florence Reichel Kenning to show cause why the judgment in the matter of the adoption of Florence Reichel Kenning should not be vacated. The court, Childress, J., vacated the judgment and granted leave to Walter Reichel to appear and file objections to the entry thereof. From the order vacating the judgment and order for judgment, Florence Reichel Kenning appealed. Affirmed.

*A. C. Middlestadt,* for appellant.

*Johnston & Carman,* for petitioner.

LEES, C.

The appellant, on May 3, 1920, obtained an ex parte order for the entry of judgment nunc pro tunc in the district court of Waseca county in an adoption proceeding commenced in that court in 1886. The order was based on affidavits, from which it appeared that appellant's age is 36 years; that Robert Reichel and Mary, his wife, made application for leave to adopt her; that they were represented by attorneys; that the petition was heard at the October, 1886, term of the district court; that the petitioners were sworn as witnesses in their own behalf; that the original files in the clerk's office cannot be found and there is no order, decree or record showing how the court disposed of the matter; that the Reichels cared for appellant since infancy and that she was a member of their household until she was 18 years of age. Hon. Thomas S. Buckham, who was then the presiding judge, made an affidavit stating that it was always his practice to grant a petition for the adoption of a child when a proper showing was made and to instruct the attorneys representing the petitioners to draw the order for adoption; that he had no recollection of this particular proceeding, but believed from examination of certified copies of the entries in the clerk's records that he signed an order for the adoption of appellant by the Reichels.

Pursuant to the order of May 3, judgment was entered May 6, 1920. In September, 1920, Walter Reichel, a son of Robert and Mary Reichel, applied to the court for an order vacating the judgment. His application was supported by his affidavit showing that he is a resident of Waseca; that his father died June 20, 1909, and his mother, August 20, 1919, and that she died intestate; that she left an estate in Minnesota,

and that the probate court of Redwood county has appointed an adminis-
trator; that he and his brother, George Reichel, who resides at Almont,
North Dakota, are the only living children of Robert and Mary Reichel
and are the heirs at law of the latter, and that no notice of the applica-
tion for the entry of the order and judgment in question was ever served
on him or his brother, although appellant knew his place of residence
and that he had an interest in his mother's estate. The administrator
of Mary Reichel's estate was appointed May 3, 1920, and was not noti-
fied of appellant's application. There was no affidavit of merits and the
grounds for opposing the entry of the judgment were not disclosed. The
court vacated the judgment and granted leave to Walter Reichel to ap-
pear and file objections to the entry thereof nunc pro tunc.

The purpose of an adoption proceeding is to change the status of the
child in its relation to its adoptive parents. Van Matre v. Sankey, 148
Ill. 536, 36 N. E. 628, 23 L.R.A. 665, 39 Am. St. 196. The parties to it
are the child, its natural parents or guardian and the adoptive parents.
Furgeson v. Jones, 17 Ore. 204, 20 Pac. 842, 3 L.R.A. 620, 11 Am. St.
808. There need not be more than a substantial compliance with the re-
quirements of the statute to sustain the validity of the proceeding. Jos-
sey v. Brown, 119 Ga. 758, 47 S. E. 350; Coleman v. Coleman, 81 Ark.
7, 98 S. W. 733; Nugent v. Powell, 4 Wyo. 173, 33 Pac. 23, 20 L.R.A.
199, 62 Am. St. 17. An order or decree of adoption cannot be attacked
collaterally by the parties to the proceeding, their heirs or personal repre-
sentatives. Parsons v. Parsons, 101 Wis. 76, 77 N. W. 147, 70 Am. St.
894; Estate of McKeag, 141 Cal. 403, 74 Pac. 1039, 99 Am. St. 80. The
presumptive heirs of the adoptive parents have no vested rights of inher-
itance of which they may not be deprived by the act of their parents in
adopting a child who will have a right to inherit from them and their
descendants. Gray v. Gardner, 81 Me. 554, 18 Atl. 286. When the adop-
tive parents invoke the jurisdiction of the court and get the order or de-
cree they ask for and take the child into the family and treat it as their
own, they are estopped from thereafter asserting that the child was not
legally adopted, and the estoppel extends to their heirs and personal rep-
resentatives. Gray v. Gardner, supra; Van Matre v. Sankey, supra;
Wolf's Appeal (Pa.) 13 Atl. 760, Sankey's Case, 4 Pa. Co. Ct. R. 624;
Mullany's Adoption, 25 Pa. Co. Ct. R. 561. With these principles as the

basis for his argument, appellant's counsel contends in substance that it was within the discretion of the district court to require notice of the entry of judgment to be given to the heirs or personal representatives of Mary Reichel, but that they were not entitled to notice as a matter of right. If the contention is correct, it may be that the court should not have vacated the judgment on an application unaccompanied by a showing of merits.

For the purposes of this case we will assume that, if a decree of adoption had been made and entered when the petition was heard and pursuant thereto appellant was taken into the Reichel family, neither her adoptive parents nor their heirs or personal representatives could have it vacated. But it does not appear that a decree was entered at the time of the hearing. This was not a feature of any of the cases to which reference has been made.

If John Reichel had died without issue, his wife surviving him, would the court have had jurisdiction to enter the decree nunc pro tunc, without notice to the widow? The effect of the decree would be to make appellant the child of the Reichels from and as of the date thereof, with the right to inherit from them the same as though she had been their legitimate offspring. Sections 3615, 3616, R. L. 1905. Sorenson v. Rasmussen, 114 Minn. 324, 131 N. W. 325, 35 L.R.A.(N.S.) 216. The entry of the decree would ipso facto diminish the widow's share in her husband's estate. We think this could not be done without notice to her.

Do the Reichels' sons occupy the same position as their mother in the case supposed? The only difference we perceive is this: The mother was a party to the adoption proceeding and they were not. But, according to the authorities we have cited, the refusal to allow the heirs of an adoptive parent to question the decree, is properly founded on the proposition that they stand in the shoes of and are in privity with the deceased parent, and hence are estopped from questioning the decree if he was estopped. Because of their privity, their right to notice must be the same as their parents, if their property rights are similarly affected, as they would be in the present case.

Counsel for appellant argues that judgment may always be entered, nunc pro tunc and without notice, if the court records clearly show that it should and would have been entered but for the neglect of the clerk.

This is asserted on the theory that a court has inherent power to correct the mistakes and omissions of the clerk in entering the judgment pronounced by the court, if the parties are still in statu quo and the rights of third parties have not intervened. National Council K. & L. of S. v. Silver, 138 Minn. 330, 164 N. W. 1013; Wight's Case, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. ed. 865. But when an application for the entry of judgment nunc pro tunc is not based wholly on the records, but on extraneous proof as well, those whose property rights will be directly affected ought to have an opportunity to present countervailing testimony. 1 Freeman, Judg. 64. It seems to us, as stated in 1 Black, Judg. § 134, that the necessity of notice depends largely upon the sources which are to furnish the evidence of the judgment to be entered. If the examination is to be wholly confined to the records, the presence of the parties could not affect the result, for they would have no room to contest an application based on records which speak for themselves. Appellant's application was based in part on proof dehors the record. Such proof was competent. Lundberg v. Single Men's E. Assn. 41 Minn. 508, 43 N. W. 394; note to Chester v. Graves, Ann. Cas. 1915D, pp. 684, 687.

There are material statements of fact in appellant's affidavit which no one has had an opportunity to controvert, and we think the case is one falling within the scope of the principle stated by Mr. Black. The rule applied to the amendment of judgments in ordinary actions is that there must be notice to the adverse party, Berthold v. Fox, 21 Minn. 51, and to any other person whose title to property will be affected by the entry of the proposed judgment. Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Wimberly v. Mansfield, 70 Ga. 783.

Adoption proceedings, as already indicated, are not classified with ordinary civil actions, but there is an analogy in at least one particular. A decree of adoption invests the child with the right to inherit the property of the adoptive parents, and a judgment in many classes of actions between adverse parties may invest the party recovering it with the title to or an interest in property.

We do not hold that the court records were insufficient to establish prima facie that the Reichels' petition for leave to adopt appellant was granted. The records show that the petition was heard, and, of course, it then became the duty of the court to act upon it, and it will be pre-

sumed that the court performed its duty. But appellant was unwilling to rely solely upon the records. She asked the court to consider additional facts set forth in her affidavit. Her statements were persuasive evidence that the petition should be granted, and sufficient, if uncontradicted, to justify the entry of the judgment nunc pro tunc. Presumably the court considered and was influenced by them. The respondent has not had his day in court to controvert statements of fact upon which the action of the court was founded. The court was right in vacating the order and judgment.

The order appealed from is affirmed.