**(95 South. 603)**

No. 24632.

In re BRANDS' ESTATE.

BRAND v. MORNHINVEG.

(Dec. 29, 1922.    Rehearing Denied Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Adoption ⚖1—Statutory conditions must be strictly performed.**

Adoption is a creature of the law, and, to establish the relation, the statutory conditions must be strictly performed.

**2. Adoption ⚖7—No exceptions to requirement that parent sign act of adoption.**

As Act No. 31 of 1872, providing that an act of adoption shall be signed by the parent or parents of the child, contains no exception, the court cannot make exceptions, and the sole exception is in the case of a foundling.

**3. Adoption ⚖7 — Parent to whom child awarded by divorce decree cannot give child away without other parent's consent.**

A divorce judgment awarding custody of a child to the father conferred upon him a mere temporary right which might be withdrawn, and did not empower him to consent to the child's adoption without the concurrence of the mother as required by Act No. 31 of 1872.

**4. Adoption ⚖7—Act not signed by child's mother is absolutely null and not cured by mother's silence.**

An act of adoption not signed by the child's mother, as required by Act No. 31 of 1872, but by the father alone, is an absolute, and not merely a relative, nullity, and the mother's silence in regard to the adoption cannot be construed as an acquiescence or consent.

**5. Adoption ⚖16.—When statute not complied with, act of adoption may be attacked by adopting parents' heirs.**

Where act of adoption was not signed by child's mother, the adopting parents' heirs could attack the adoption after their deaths, notwithstanding Civ. Code, art. 1791, relative to contracts with incapacitated persons, article 1840, relative to contracts with supposed representatives of others, and article 1902, relative to stipulations for the benefit of third persons.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Suit by Margaret Frances Brand against Remi Mornhinveg, testamentary executor of Olympe V. Mornhinveg, wife of Conrad Brand, for a judgment recognizing plaintiff as the adopted child and sole heir of Conrad Brand and wife. From a judgment for plaintiff, defendants appeal. Judgment set aside, and suit dismissed.

R. Lee Garland, of Opelousas, curator ad hoc of Gertrude B. Cone, for appellants.

L. L. Perrault, of Opelousas, for Remi Mornhinveg.

John W. Lewis, of Opelousas, for Bertha M. Lyons and J. B. A. Stagg.

Wm. Alex Robertson and Edward B. Dubuisson, both of Opelousas, for appellee.

ROGERS, J. This is a contest arising in the succession of Conrad Brand and Olympe V. Mornhinveg, his wife.

On November 6, 1895, John A. Drummond, on the one hand, and Conrad Brand and Olympe V. Mornhinveg, his wife, on the other hand, appeared before a notary public of the parish of St. Landry and executed what purports to be an act of adoption of the minor, Margaret Frances Drummond, issue of the marriage of John A. Drummond and Susan Alice Elizabeth Morris. Attached to the notarial act, as part thereof, is a separate and independent contract under private signature between the parties seemingly limiting the rights of the adoptants, and providing, under certain contingencies therein named, for the termination of the control and custody of said child.

At the time of the execution of the instruments in question, November 6, 1895, the wife of John A. Drummond, and mother of the child, was alive and residing near Opelousas, where all the parties lived. In October of the previous year, Drummond had obtained a divorce from his wife and had been awarded the custody of the child.

Conrad Brand died in 1911. He had made a nuncupative will by public act in 1887, by which he bequeathed all his property to his wife, Olympe V. Mornhinveg. Mrs. Brand died February 22, 1919, without having taken any steps to cause the probate of the will of her predeceased husband. She had made an holographic will on May 29, 1917, by which she made bequests to Gertrude Brand, her husband's niece; to Bertha Lyons, her blood niece; to J. A. B. Stagg, her niece's husband; to Margaret Drummond, the child referred to in the act of adoption; and constituted Remi Mornhinveg her residuary legatee and executor.

The will of Mrs. Brand was probated February 27, 1919, and on the same day the nuncupative testament of Mr. Brand was ordered registered and executed. Remi Mornhinveg thereafter qualified as executor of the will of Mrs. Brand.

On September 16, 1919, plaintiff instituted this suit against Remi Mornhinveg, Bertha Mornhinveg, Gertrude Brand Cone, and J. A. B. Stagg, all legatees under the will of Mrs. Brand, in which she prayed for judgment recognizing her as the adopted child and sole heir of Conrad Brand and Olympe V. Mornhinveg, his wife, and decreeing their wills null and void; the former because it fell by the adoption of plaintiff, and the latter because it was executed at a moment when the testatrix was of unsound mind. In the alternative, she prayed that the bequests be reduced to the disposable portion.

The defendants first filed exceptions of no cause of action. These exceptions being overruled, they answered the petition. In their answers defendants denied the material allegations of the petition, particularly the insanity of Mrs. Brand, and attacked the act of adoption under which plaintiff claims upon the ground that it was executed without the consent of plaintiff's mother, who was then living; and further that the act was not complete in itself, being limited in its terms and effect by a contract identified therewith and made part thereof.

The judgment of the lower court (1) sustained the validity of the act of adoption; (2) maintained the holographic will of Olympe V. Mornhinveg; (3) decreed that the will of Conrad Brand, executed in 1887, fell with the adoption of plaintiff in 1895; and (4) ordered the dispositions of the will of Olympe V. Mornhinveg to be reduced to the disposable portion.

From this judgment defendants prosecute this appeal.

Plaintiff answered the appeal praying that the judgment appealed from be amended so as to decree the will of Mrs. Olympe V. Brand to be null and void and of no effect.

From the specification of errors set forth in the original brief of counsel for defendants, it appears that the basis of the exception of no cause of action is the alleged invalidity, on its face, of the act of adoption due to the absence therefrom of the signature of plaintiff's blood mother and to the qualified and limited effect to be given to the instrument under the terms of the private writing annexed thereto as part. We pretermit the questions thus presented for the reason that the same issues were tendered on the merits and can be as effectively disposed of in a consideration of the whole case as they could be upon a consideration of the exception alone.

It is undisputed that plaintiff's blood mother did not sign the act of adoption. Plaintiff's counsel, however, contends, in the first place, that this formality was unnecessary for the reason that the mother had lost the control of the child as the result of the divorce proceedings in which its custody had been conferred upon the father; in the second place, that the nullity, if it be a nullity, was relative only and could have been urged by the non-consenting parent alone; and, inasmuch as the minor had reached the age of majority without any complaint or objection on the part of the mother, her silence was equivalent to acquiescence in the adoption; and, in the third place, as the adopting couple had recognized and carried out the adoption for many years, and until the majority of the adoptee, neither they nor those claiming under them could urge such an informality so as to defeat the child's right of inheritance from the adoptants.

The answer to plaintiff's first contention is to be found in the clear and unambiguous language of the statute itself.

The Act is No. 31 of 1872, and reads, in part:

"An act providing the manner of adopting children.

"Section 1. Be it enacted by the Senate and House of Representatives of the State of Lousiana, in General Assembly convened, that any person above the age of twenty-one years shall have the right, by act to be passed before any parish recorder or notary public, to adopt any child under the age of twenty-one years, provided, that if such child shall have a parent or parents, or tutor, that the concurrence of such parent or parents or tutor shall be obtained, and as evidence thereof, shall be required to sign said act."

Adoption creates a status which would be nonexistent in the absence of the statute authorizing it. Between the years 1825 and 1865 there was no general law in this state governing adoption; a special legislative enactment being required, during that period, to create the status. By Act 48 of 1865, the Legislature again authorized adoption which was by means of judicial proceedings until the passage of Act 31 of 1872.

[1] As was said by the court in the recent case of the Succession of Pizzati, 141 La. 645, 75 South. 498:

"Adoption is not a contract, and is not of natural law at all. The breath of the Legislature creates it out of nothing. It is wholly and entirely artificial; it is precisely and exactly what the Legislature makes it."

Adoption being, therefore, a creature of the law, "what the Legislature makes it," it necessarily follows that to establish the relation the statutory conditions must be strictly performed. Succession of Dupre, 116 La. 1090, 41 South. 324; Succession of Pizzati, 141 La. 645, 75 South. 498.

[2] Act 31 of 1872 requires the concurrence of both parents of the child, if they are living, and as an evidence thereof they must sign the act. The sole exception to this rule is the case of a foundling. Where the law makes no exceptions, the court cannot.

[3] At the time of the execution of the

instrument in question, both parents of plaintiff were living. The decree of divorce did not have the effect of divesting Mrs. Drummond of her motherhood; plaintiff was still her child, with the right of inheritance from the mother and the right in the mother to inherit from the child. The judgment awarding the custody of the child to the father conferred upon him a mere temporary right which might at any time have been withdrawn (State v. Trahan, 125 La. 312, 51 South. 216), and did not empower him to give the child away in adoption without the concurrence of the mother (State ex rel. Birch v. Baker, 147 La. 319, 84 South. 796; Walker v. Myers, 150 La. 986, 91 South. 427).

[4] It is sufficient answer to the second contention of plaintiff to say that the absence of the blood mother's signature from the act of adoption was an absolute nullity and not a relative nullity. Under the plain provisions of the statute, both parents, if living, are required to consent and to sign the act as the evidence thereof. This requirement is sacramental to the validity of the adoption. Without the signature of plaintiff's mother, the act of adoption is null and void and without effect, and her silence in regard thereto cannot be construed to be an acquiescence therein or a consent thereto.

[5] In support of the third contention, counsel for plaintiff argue, to quote from their original brief:

"Adoption being a contract with the minor and for the benefit of the minor, it falls under the civil law rule that the adult contracting party, and a fortiori those holding under him, cannot recede from the contract or plead its nullity so long as the minor or his representatives consider it beneficial and do not ask to be relieved from it."

In order to sustain this view, counsel cite Domat, Cushing's Translation, tit. 1, § V, par. 231, and articles 1791, 1840, and 1902, Revised Civil Code, and numerous authorities from other jurisdictions.

All of these authorities refer either to cases of contract purely and simply, or to cases where the legal representatives of the deceased adoptive parents were denied the right to set aside the legal effect of the adoption proceedings for any mere irregularities or clerical mistakes.

Adoption, however, is not an ordinary contract. It owes its existence solely and only to the legislative will as expressed in the statute. As was said in Succession of Pizzati, cited supra:

"It is wholly and entirely artificial; it is precisely and exactly what the Legislature makes it."

Nor is the defect in the adoption complained of herein a mere irregularity or clerical mistake. The omitted act is of the very essence of the instrument, without which it is stricken with nullity.

There are many acts of the de cujus which the heirs may attack although he could not do so himself. The right of action in such cases is not derived from the quality as heir, but from the law itself.

The principle is correctly stated by Duranton, at page 116, No. 329, Cours de Droit, as follows:

"When the requirements of the law have not been observed, the adoption may, after the death of the adoptant and at the suit of his heirs, be annulled as having been illegal. And objection cannot be made that they have only the rights which their ancestors had and are estopped to assail an act which he himself could not have attacked with success."

While we are not unmindful of the many equities of plaintiff's case, we cannot disregard the plain provisions of the law, and must therefore hold that the act of adoption herein sought to be maintained is null and void and of no effect.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and the suit of plaintiff dismissed, at her cost in both courts.