*In re* GUNN'S ESTATE.

APPEAL OF HICKS.

1. ADOPTION—REQUIREMENTS OF STATUTE—FAILURE OF CHILD TO SIGN PAPERS.

Failure of adopted child 12 years of age to sign, seal and acknowledge the instrument or declaration of adoption as required by the statute then in force (3 Comp. Laws 1897, chap. 236) renders it void.

For authorities discussing the question of right of presumptive heirs to object to adoption, see note in 16 A. L. R. 1020.

2. SAME—PRESUMPTIONS.

> It cannot be presumed that an adopted child signed, sealed and acknowledged the instrument or declaration of adoption where the probate court record shows that he did not.

3. SAME—ESTOPPEL.

> Where the validity of adoption of a child was not questioned during the lifetime of either the adoptive or natural parents, and the child was taken into the adoptive parents' home and reared there as a son, with the acquiescence of all persons interested, for 15 years and upwards, they, at the time of their death, were estopped from denying the validity of the adoption and their presumptive heirs stand in no better position.

4. SAME — PROCEEDINGS TO AVOID ADOPTION OF AN EQUITABLE NATURE.

> A proceeding to avoid the effect of an order of adoption is of an equitable nature.

Error to Kent; Dunham (Major L.), J.    Submitted April 22, 1924.    (Docket No. 107.)    Decided June 2, 1924.

Emma A. Hicks and others appealed from an order of distribution of the estate of Alice E. Gunn, deceased.    Judgment sustaining the order of the probate court.    Contestants bring error.    Affirmed.

*Matthews & Hicks,* for appellants.

*Arthur F. Shaw* and *Jewell, Raymond & Face,* for appellees.

CLARK, C. J.    Alice E. Gunn died intestate.    The order of distribution in the probate court gave the estate to Irving Gunn as the legally adopted son and sole heir at law of the deceased.    Claiming the estate, 22 cousins, as presumptive heirs, appealed.    The order was affirmed.    The cousins bring error.

If the order of adoption was valid, the case ends

227—Mich.—24.

there. But, if void, we must consider the further question of estoppel. We think it was void. The child, then 12 years of age, did not sign, seal and acknowledge the instrument or declaration of adoption as required by the statute then in force (chapter 236, 3 Comp. Laws 1897). He was not bound by the order. The case of *Morrison* v. *Sessions' Estate*, 70 Mich. 297 (14 Am. St. Rep. 500), and 1 C. J. p. 1385, cited by counsel, are not controlling on this point. The statute then in force required that the child consent merely, and it was held that the adoption being for his benefit it will be presumed that he assented unless his dissent expressly appears. But in the case at bar, under the statute above cited, it cannot be presumed that the child signed, sealed and acknowledged the instrument or declaration of adoption when the probate record shows that he did not. The order recites that the natural parents consented in writing to the adoption. That the consent and participation of such parents in the proceeding for adoption were not in the form and in the manner required by the statute is a matter we need not consider.

Estoppel. Both adoptive and natural parents are dead. The validity of the adoption was not questioned during the lifetime of any of such parents. The relation was existent and recognized and its incidents fully enjoyed, with the acquiescence of all persons interested, for 15 years and upwards. The child was taken into the Gunn home and reared there as a son. The will of Mr. Gunn spoke of Irving as "my adopted son." After Mrs. Gunn's death, the adoption papers were found in her safety deposit box at the bank. Mrs. Gunn, a moving party, a party procuring the order of adoption from the probate court, was estopped at the time of her death to assert that the adoption was illegal, invalid, or void, and appellants, her presumptive heirs, stand in no better

position. That this holding is sustained by the weight of authority appears, we think, by the following:

It is said in *Re Reichel,* 148 Minn. 433 (182 N. W. 517, 16 A. L. R. 1016):

"When the adoptive parents invoke the jurisdiction of the court and get the order or decree they ask for and take the child into the family and treat it as their own, they are estopped from thereafter asserting that the child was not legally adopted, and the estoppel extends to their heirs and personal representatives. * * * *Wolf's Appeal* (Pa.), 13 Atl. 760; *Sankey's Case,* 4 Pa. Co. Ct. R. 624; *Mullany's Adoption,* 25 Pa. Co. Ct. R. 561."

And the following from a note, 39 Am. St. Rep. 219:

"If a person resorts to a court for the purpose of obtaining, and does there obtain, a decree or judgment, though it is void as against his adversary, yet if the latter accepts and acts upon it, he at whose instance it is obtained is estopped from asserting its invalidity for the purpose of seeking some advantage to himself, or of subjecting the innocent party to some loss or punishment. This rule has been applied against a person procuring a void decree of divorce, and then proceeding against the other spouse who contracted a second marriage in reliance upon this decree: *Palmer* v. *Palmer,* 1 Swab. & T. 551. This principle we conceive to be applicable to proceedings for adoption. If the adopting parent conducts such proceedings, and procures an order or agreement of adoption, and takes the child into his family, where it assumes the place and duties of his child, we think the courts will not permit him to subsequently urge that his proceedings were void. Nor, indeed, up to the present time has any adopting parent ever undertaken to do so, but in several cases, after his death, persons connected with him by ties of consanguinity have tried to claim his estate and incidentally to assert that the order of adoption procured and respected by him was void. Success has followed in some instances, attended with the assertion that the order

could not bind any one: *Furgeson* v. *Jones,* 17 Or. 204 (20 Pac. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808). Chief Justice Beatty, in *Re Johnson,* 98 Cal. 543 (33 Pac. 460, 21 L. R. A. 380), while insisting that as against the child the proceedings required for an adoption should be strictly pursued and construed, added:

" 'But it does not lie in the mouth of a stranger, or of one claiming through an adult and the consenting party to the adoption proceeding, to say that because the interest of the passive and helpless subject of it were not sc carefully looked after as they should have been, she must therefore be deprived of the advantage of the order of adoption to which she has always conformed, and the protection of which she invokes.'

"This principle was recognized and approved in the States of Pennsylvania and Illinois in the various attempts there made to collaterally avoid the proceedings for the adoption of Carrie Sankey: *Wolf's Appeal* (Pa.), 13 Atl. 760; *Van Matre* v. *Sankey,* 148 Ill. 553 (36 N. E. 628, 23 L. R. A. 665; *ante,* 196). In a still more recent case, and in an opinion meeting, as we understand, the concurrence of the entire court, it was said:

" 'The deceased voluntarily entered into the contract of adoption under consideration here, and received in his lifetime the benefits resulting from the relation thus created—the society, affection, and devotion of an adopted daughter—and no principle of law or equity will permit the appellants claiming under him to avail themselves of this technical departure from the direction of the statute, to defeat the rights of the respondent growing out of the contract, the validity of which was never disputed by the deceased, and which has been fully performed by all the parties to it.' *In re Williams,* 102 Cal. 70 (36 Pac. 407, 41 Am. St. Rep. 163)."

The following from 1 R. C. L. p. 629:

"There is authority to the effect that the failure of the court, which entered the decree of adoption, to obtain jurisdiction over the father of the minor, renders the decree void, and lays it open to collateral attack by any person interested, and that in such case the parties to the proceeding are not estopped to deny its validity, since the father is not bound, and estoppel

must be mutual. But the more approved rule is that the adoption proceedings are conclusive as to persons who were parties thereto, and their privies, notwithstanding a defect as to a party, who would be entitled to disregard them as not binding upon him, but who does not complain of his nonjoinder. As has been very pertinently pointed out, no rights of the parent of the child would be impaired by giving force and effect to the contract of adoption, and permitting the child to succeed to the estate of the adoptive parent as the adopted child of the latter."

In a note in 16 A. L. R. 1030, it is stated:

"In several cases involving a collateral attack on the validity of an adoption, it has been held that, where an adoptive parent has obtained a decree of adoption and taken the adopted child into his home, his presumptive heirs and personal representatives, as well as himself, are estopped thereafter from asserting that the adoption was illegal."

In *Nugent* v. *Powell*, 4 Wyo. 173, 201 (33 Pac. 23, 20 L. R. A. 199, 62 Am. St. Rep. 17), it is said:

"Notwithstanding these proceedings in adoption the father might at any time since they took place have brought an action for the recovery of the possession or custody of the child, and no one will contend, or perhaps can successfully contend that in such case these adoption proceedings would constitute a bar to the father's action, or that they were conclusive upon him. But it does not follow that because the adoption proceedings were not conclusive upon the father they were not conclusive upon the parties to the proceedings and their privies. * * * On the contrary, we think they are, and so hold."

And see *Milligan* v. *McLaughlin*, 94 Neb. 171 (142 N. W. 675, 46 L. R. A. [N. S.] 1134) ; *Parsons* v. *Parsons*, 101 Wis. 76 (77 N. W. 147, 70 Am. St. Rep. 894) ; *Brown* v. *Brown*, 101 Ind. 340; *In re Camp's Estate*, 131 Cal. 469 (63 Pac. 736, 82 Am. St. Rep. 371) ; *In re McKeag's Estate*, 141 Cal. 403 (74 Pac. 1039, 99 Am. St. Rep. 80) ; *Jones* v. *Leeds*, 41 Ind.

App. 164 (83 N. E. 526) ; *In re Young*, 259 Pa. 573 (103 Atl. 344).    But see *Murphy* v. *Brooks*, 199 N. Y. Supp. 660; *In re Brands' Estate*, 153 La. 195 (95 South. 603) ; *Furgeson* v. *Jones*, 17 Or. 204 (20 Pac. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808).    And it is held that this action to avoid the effect of the order of adoption is of an equitable nature.    *Jones* v. *Leeds, supra; Parsons* v. *Parsons, supra.*

It follows that the order of the circuit court is affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred with CLARK, C. J.

WIEST, J.    I concur on the ground of estoppel.