————o————

THE STATE OF MISSOURI, Appellant, *vs.* JOSEPH CASTEEL, *et al.*, Respondents.

1. *Practice, criminal—Indictment—Grand Larceny—Allegations—Unknown owner.*—An indictment for grand larceny may charge that the property stolen belonged to a person unknown to the jurors.

2. *Practice, criminal—Indictment—Larceny—Strays—Posting.*—A stray may be the subject of larceny before it is posted.

3. *Practice, Criminal—Statute, construction of—Indictment—Grand Larceny—Essential averments.*—In an indictment for grand larceny, at common law and under W. S. 456, ? 25, the words "feloniously" and "stole" are essential averments.

4. *Practice, criminal—Statute, construction of—Indictment—Larceny—Averments.*—In an indictment for larceny of a stray under W. S. 461, ? 46, it may not be necessary to use the word "steal," as it is not used in the description of the offense in the statute.

*Appeal from the Camden Circuit Court.*

*H. Clay Ewing, Attorney General,* for Appellant.

An estray is the subject of larceny. (State vs. Martin, 28 Mo. 530.)

*A. D. Mathews*, for respondent.

I. This indictment is not drawn under W. S. 461, § 46, and is bad under W. S. 460, § 45.

II. It is not good as an indictment for simple larceny, because all the material allegations are stated argumentatively. (Bish. Cr. Pr., § 269.)

ADAMS, Judge, delivered the opinion of the court.

This was an indictment for grand larceny. The language of the indictment charging the offense is as follows: "That Joseph Casteel and David B. Casteel, both late of said county, on the 5th day of January, in the year 1870, at the county of Camden aforesaid, did feloniously and wilfully take and convert to their own use a certain stray steer, of the value of fifty dollars, the property of some person to the jurors unknown. They, the said Joseph Casteel, Sr., and David B. Casteel, at the time of such felonious conversion not having posted said stray steer, wherefore, by virtue of the statute in such case made and provided, the jurors aforesaid upon their oath do say, that the said Joseph Casteel, Sr., and David B. Casteel, did feloniously steal, take and carry away the said steer, the property of some person to the jurors unknown, against the peace and dignity of the State."

The defendants filed a motion to quash the indictment, alleging two grounds of objection—First. That they are charged as converting to their own use a stray that had never been posted — and second, that the offense is argumentatively charged in the indictment.

The court sustained this motion, and quashed the indictment, and the circuit attorney has brought the case here by appeal.

1. The first ground of objection to the indictment is not tenable. A stray may be the subject of larceny before it is posted. So a party may be guilty of stealing goods and chattels of an unknown person, and it may be so charged in the indictment. (5 Bac. Ab. Index G. p. 316; 2 East. P. C., 651, 781; 1 Chitty's Crim. Law, 212; State vs. Martin, 28 Mo., 530.)

2. Grand larceny consists of "feloniously stealing, taking and carrying away," money, goods, &c., of the value of two dollars or more, or any cattle &c., belonging to another. (1 W. S. 456, § 25.)

At common law it was essential in charging this offense to use the words "feloniously" and "stole," in order to fix the party with a criminal intention. Without these words a *trespass* would be charged. (1 Chitty's Crim. Law, 949.) Our statute uses the same words in describing the offense. This indictment does not use these essential words in charging the offense. They are only used by way of corollary, and not as a positive charge of larceny.

Section 46, (W. S. 461,) provides, that "every person who shall convert to his own use, or make way with, or secrete with intent to convert to his own use, a stray of any kind belonging to another, before the expiration of a year, next after the posting of such stray, shall be guilty of grand larceny, &c."

In framing an indictment under this section, it might not be necessary to use the word steal, as it is not used in the description of the offense in the statute. But evidently this indictment could not have been found under this section, as on its face it appears the animal had not been posted. This indictment in my opinion is bad, and the motion to quash is properly sustained.

Judgment affirmed. The other Judges concur.