## Matt. Debbs v. The State.

1. EVIDENCE.—On the trial of one indicted for theft of a yearling, the district attorney asked a witness who had stated that defendant had some young cattle, how he obtained them, to which the witness answered, over the objection of defendant, that "defendant has some young cattle, but had no stock cattle; that he conscripted those he had, and that witness understood conscription to mean the taking of cattle that did not belong to the one taking, or in other words, stealing." The refusal of the court to exclude the answer, held to be error.

2. THEFT.—One who unlawfully takes and appropriates to his own use an unbranded yearling, the property of another, without the owner's consent, though liable for a trespass, cannot be convicted of theft if he took the animal in the day-time, and openly in the presence of others, under the apparent belief that the owner had forfeited his right.

Appeal from Parker. Tried below before the Hon. A. J. Hood.

Article 4655, Paschal's Dig., requires every person in this State who has cattle to have an ear-mark and brand, different from the ear-mark and brand of his neighbors, which he shall record, &c.

Article 4655 is as follows: "Cattle shall be marked with the ear-mark, or branded with the brand of the owner on or before they are twelve months old; hogs, sheep, and goats shall be marked with the ear-mark of the owner on or before they are six months old."

The indictment charged Debbs with the theft of John R. Witt's yearling. Witt and Debbs were neighbors. Witt owned three yearlings, one of which was a heifer, and quite gentle, though unmarked and unbranded. This heifer, when not in the cowpen or pasture of the owner, was in the range between the houses of Debbs and Witt. About the 27th November, 1874, Debbs, the defendant, shot the heifer between sundown and dark, on the range where she fed, and took the flesh and skin of the animal to his home. The skin he hung up on a rail, and while putting the meat away in his home remarked to one Patton, who lived with him, that he had killed a fat young heifer about two years old, unmarked and unbranded, and he thought he had as good a right to her as any one.

The jury returned a verdict of guilty, and assessed the punishment of defendant at two years' imprisonment in the penitentiary.

*Jones & Henry*, for appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

Ireland, Associate Justice.—During the trial of this cause the district attorney asked a witness for the State, Kirksey, after Kirksey had stated that defendant had some young cattle, "how did he (defendant) get them? (cattle.)"

The defendant objected to the witness answering the question. His objection was overruled, and the witness answered:

"The defendant, Debbs, has some young cattle, but had no stock cattle;" " that he, defendant, conscripted those he, defendant, had, and that he, witness, understood conscription to mean the taking of cattle that did not belong to the one taking; or, in other words, stealing."

This answer had been given over the objection of defendant, and after it had been detailed he moved the court to exclude it from the jury, which the court refused to do, to all of which defendant excepted.

That this ruling of the court was erroneous will hardly be disputed. (3 Greenl. Ev., § 25.)

The defendant seems to have been laboring under the impression that he had a right to kill the animal because it was over a year old and unbranded.

It is true that the law does require all persons to brand their cattle before they are one year old; but there is no penalty attached to a failure to so brand. A failure to perform that duty will generally result in difficulties about ownership, but the animal does not thereby cease to belong to the original owner, nor does it authorize or justify any one in trespassing thereon.

It does appear that the defendant has been guilty of a trespass upon his neighbor's property, for which he is liable to punishment, and liable for damages in a civil action; but the case does not warrant a conviction for theft. He took the animal in the day time, in presence of his family and others, under the apparent belief that the owner had forfeited his rights by not branding it. The defendant's counsel drew the attention of the court below to this view of the case in charges asked, and which were refused by the court. (3 Greenl. Ev., § 157.)

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.