*Ex parte* HARLAN.

[*Opinion Filed October 21, 1891*]

1.   HABEAS CORPUS.—*Discharge.*—After conviction of perjury, the accused cannot be discharged on *habeas corpus*, if the trial court had, jurisdiction of the person and of the crime, however erroneous its proceedings may be.

2.   WANT OF JURISDICTION.—*Judgment Void.*—If the trial court has no, jurisdiction in a criminal case, its judgment is void, and the party convicted and sentenced will be discharged on *habeas corpus*.

3.   APPEAL.—*Writ of Error.*—When the trial court has jurisdiction, errors in its proceedings can only be corrected on appeal or writ of. error.

*Petition for Habeas Corpus.*

*Ledrue Guthrie*, for petitioner.

*Horace Speed*, for United States:

The opinion of the court was delivered by

GREEN, C. J.:   The petitioner for a writ of *habeas· corpus* in this case was convicted of the crime of perjury,, on the 23rd day of April, 1891, in· the district court of Oklahoma county, sitting as, and exercising the jurisdiction of a district court of the United States, and was. sentenced to confinement,. at hard labor, in the penitentiary, at Columbus, Ohio, for. a term. of. two years, and that he pay a fine of one dollar.

The indictment against the petitioner, and on which he was convicted, is, set. out. in. the. petition, and shows,

that the perjury, of which he was convicted, was assigned on an affidavit, subscribed and sworn to by the petitioner, before a notary public of Oklahoma county, and was in corroboration of a contest affidavit of one Rhoda Summers, which was used in a land contest before the register and receiver of the United States land office, at Oklahoma City, and of which contest the register and receiver had jurisdiction.

It is contended, in behalf of the petitioner, that the indictment does not state facts sufficient to constitute the crime of perjury, or a public offense, under the laws of the United States, and, for that reason, the court had no jurisdiction, and the judgment is void, and the imprisonment illegal, and that the petitioner should be discharged on *habeas corpus.*

In support of this contention it is claimed, that there is no law of the United States providing for a *corroborating affidavit* to a contest affidavit in the local land office, and that a corroborating affidavit, in such case, is only made necessary, in the initiation of a contest, by *rules* and *instructions* of the commissioner of the general land office, which have not the force and effect of law; and, as perjury can only be committed, in proceedings in the local land office, when an oath is required by a law of the United States, the false swearing in petitioner's corroborating affidavit does not amount to the crime of perjury, and no criminal offense is charged in the indictment, and the proceedings in the trial court were *coram non judice* and void.

The law is well settled, that, in a case like the present, in which the petitioner is in execution upon a conviction, the writ of *habeas corpus* ought not to be awarded, if the trial court had jurisdiction of the person and the crime charged, and did no act beyond the powers conferred upon it. And the proceedings of the trial

court will be examined, so far as necessary, to deter-
mine the question of jurisdiction; and, if it appears that
the court transcended its powers, the writ will be
granted and the prisoner discharged, even after judg-
ment.    But, if the trial court had jurisdiction and power
to convict and sentence, the writ cannot issue to correct
mere errors.    (*Ex parte Parks*, 93 U. S., 18; *Ex parte
Yanbrough*, 110 Id.,631; *Ex parte Lange*, 18 Wall. 163;
*Ex parte Watkins*, 3 Pet., 203.)

The district court of Oklahoma county, when sitting
as and exercising the powers and jurisdiction of a dis-
trict court of the United States, has jurisdiction of the
crime of perjury, under the laws of the United States,
committed in that county.    (*Organic Act, Sec. 9.*)   And,
as the petitioner was indicted in that court, and arrested
and brought before the court to answer the indictment,
and, on arraignment, entered a plea of not guilty, the
court had jurisdiction of the person of the petitioner
and also, of the subject matter of the indictment.

But it is urged that the indictment states no criminal
offense; that the facts, if true, which are averred in the
indictment, do not constitute the crime of perjury un-
der any law of the United States.   As the trial court
had jurisdiction of the subject matter of the indictment
and of the person of petitioner, it was a question of law
for that court to determine whether or not the facts
averred in the indictment constituted the crime of per-
jury; and, if the trial court erred in its judgment upon
that question, such error can only be corrected by ap-
peal, or writ of error, in this court, and not by writ of
*habeas corpus*.

The case of *ex parte Watkins*, *supra*, is singularly in
point.   It was a petition for a writ of *habeas corpus* to
bring the body of Watkins before the supreme court for
the purpose of inquiring into the legality of his confine-
ment in jail.   The petition stated that he was detained

in prison, by virtue of a judgment of the circuit court of the United States for the county of Washington, in the District of Columbia, rendered in a criminal prosecution carried on against him in that court. A copy of the indictment and judgment was annexed to the petition, and the motion was founded on the allegation that the indictment charged no offense for which the petitioner was punishable in that court, or of which that court could take cognizance, and, consequently that the proceedings were *coram non judice* and totally void.

Chief Justice Marshall, in delivering the opinion of the court denying the writ of *habeas corpus*, and in speaking of the powers and duties of the trial court, said:

"To determine whether the offence charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case as in the other, and must remain in full force unless reversed regularly by a superior court capable of reversing it. * * * * * * * Had any offense against the laws of the United States been in fact committed, the circuit court for tne District of Columbia could take cognizance of it. The question whether any offense was, or was not, committed, that is, whether the indictment did or did not, show that an offense had been committed, was a question which that court was competent to decide. If its judgment was erroneous, a point which this court does not determine, still, it is a judgment, and, until reversed, cannot be disregarded.

In *Ex parte Parks*, *supra*, the petitioner was convicted of the crime of forgery, in the district court of the United States for the Western District of Virginia, and presented his petition to the supreme court for a writ of *habeas corpus*, on the ground that the facts averred in the indictment did not constitute the crime

of forgery against the laws of the United States; and the court, in denying the writ, said,

''But whether it was, or was not, a crime within the statute, was a question which the district court was competent to decide. It was before that court, and within its jurisdiction. No other court, except the circuit court for the same district, having concurrent jurisdiction, was as competent to decide the question as the district court.

''Whether an act charged in an indictment 'is, or is not a crime by the law which the court administers, is a question which has to be met at almost every stage of criminal proceedings, on motions to quash the indictment, on demurrers, on motions to arrest judgment, etc. The court may err, but it has jurisdiction of the question. If it errs, there is no remedy after final judgment, unless a writ of error lies to some superior court. It would be an assumption of authority for this court, by means of the writ of *habeas corpus*, to review every case in which the defendant attempts to controvert the criminality of the offense charged in the indictment.''

As the district court of Oklahoma county, sitting as and exercising the jurisdiction of a district court of the United States, had jurisdiction to pronounce the judgment complained of against the petitioner, it follows that the judgment is not void. It is only when the trial court has no jurisdiction, and the judgement is void, that relief from imprisonment can be afforded by writ of *habeas corpns*. *Ex parte*, *Bain*, 121 U. S. 1; *In re Wilson*, 140 Id., 575.

The question whether or not the facts averred in the indictment constitute the crime of perjury, under the laws of the United States, can only be considered by this court on appeal, or writ of error, and need not now be discussed. The writ of *habeas corpus* is, therefore, denied.

Writ denied.

All the Justices concurring.