*In the Matter of the Application of* LOUIS LE ROY *for a Writ of Habeas Corpus.* •

1. HABEAS CORPUS. When a crime is charged in two counts in an indictment and the defendant is acquitted on the first count and convicted on the second, he is not entitled to discharge by *habeas corpus* if the trial court had jurisdiction of the person and of the crime.

2 SUFFICIENCY OF INDICTMENT. The sufficiency of the indictment is a question of law for the trial court and if such court errs in its conclusions the remedy is ·by appeal or writ of error and not by *habeas corpus*. *(Ex Parte Harlan*, 1 Okla. 48; § 4578, Statutes of Oklahoma, 1893.)

*Original Proceeding in Habeas Corpus.*

Petition for writ of *habeas corpus*, Louis LeRoy, petitioner. Convicted in the district court of Logan county, and sentenced to three years in the penitentiary. The facts are stated in the opinion. Writ denied.

*C. R. Buckner*, for petitioner.

*A. H. Huston, County Attorney*, for the Territory.

The opinion of the court was delivered by

SCOTT, J.: On the 19th day of February, 1894, the petitioner, Louis LeRoy, filed his petition for a writ of *habeas corpus* in this court, alleging that he is unlawfully restrained of his liberty in the county jail of Logan county, Oklahomá Territory, by W. W. Painter,

sheriff and jailor of said county; that the pretended cause of restraint was grand larceny. That said imprisonment is illegal in this:

"1. That the charge upon which the prisoner is held, has been fully investigated by a court of competent jurisdiction, and a trial had, upon which this petitioner was duly acquitted of grand larceny.

"2. That said petitioner says that no further proceedings under the charge upon which he is held ought to be had or taken against him, because at the September term of the district court of Logan county, Oklahoma Territory, the said petitioner was put upon his trial in said court for grand larceny upon his plea of not guilty; and the jury empaneled and sworn to well and truly try said issue, and a true verdict render according to the law and the evidence; after hearing all of the evidence, the instructions as given by the court, the argument of counsel for the territory and the petitioner, returned a verdict of not guilty of said charge; that no other charge or indictment has been brought against him, nor is he held upon any other charge.

"3. The court had no jurisdiction to pronounce the judgment or pass the sentence on petitioner in this case.

"4. The judgment and sentence upon which petitioner is imprisoned is void.

"The petitioner therefore prays that a writ of *habeas corpus* be granted him and that he, the said Louis Le-Roy, be discharged from such unlawful restraint and imprisonment and for such other relief as justice may demand."

Said petition was verified by the petitioner and attached to the same is service of notice on the county attorney.

On the 2d day of March, 1894, the following stipulation was filed :

"We, the undersigned, agree that the defendant, Louis LeRoy, was acquitted on the first count of the indictment, and convicted on the second count; and we

further agree to waive the issuing of the writ of *habeas corpus* and that the supreme court take and pass upon the same.

"(Signed,)   A. H. HUSTON, County Attorney.
"C. R. BUCKNER, Att'y for Petitioner."

It appears that an indictment was returned into the district court of Logan county, charging the crime of grand larceny in two counts against the petitioner; that his case was called for trial, and when submitted the court instructed the jury to return a verdict of not guilty on the first count of said indictment, and after deliberating the jury returned a verdict of guilty as to the second count.   Motion for a new trial was overruled and the petitioner sentenced to three years in the penitentiary.

The petitioner now seeks to test the sufficiency of the second count of the indictment by this proceeding, which must be denied.

In *ex parte Harlan*, 1 Okla. 48, it is held:

"After conviction of perjury, the accused cannot be discharged on *habeas corpus* if the trial court had jurisdiction of the person and of the crime, however erroneous its proceedings may be."

In the case just cited it was contended in behalf of the petitioner that the indictment did not state facts sufficient to constitute the crime of perjury, or a public offense, under the laws of the United States, and for that reason the court had no jurisdiction and the judgment was void and the imprisonment illegal, and that the prisoner should be discharged.

Where the trial court has jurisdiction of the person of the defendant and of the offense charged, it is well settled that, after final judgment, the remedy is by appeal or error, and not by a writ of *habeas corpus*. (See § 4578, Statutes of 1893.)

This point being decisive of the case, a discussion of

the sufficiency of the second count of the indictment is unnecessary.

The writ will be denied, it appearing from the record that the trial court had jurisdiction of the petitioner and of the offense charged against him in the indictment.

By the Court:   It is so ordered.

Dale, C. J., not sitting, having presided in the court below; all the other Justices concurring.