## Ex parte MILLSAP.

### No. 2782. Opinion Filed September 26, 1911.

(118 Pac. 135.)

1. **HABEAS CORPUS—Burden of Proof—Want of Jurisdiction.** In habeas corpus, if the process is valid on its face, it will be deemed prima facie legal, and the prisoner assumes the burden of impeaching its validity by showing a want of jurisdiction.

2. **LARCENY—Intent—Taking of Estray.** To constitute larceny of an estray, animus furandi must exist at the time defendant first took possession of the animal.

3. **LARCENY—Plea of Not Guilty—Issues—Burden of Proof.** The plea of not guilty puts in issue the averment in the indictment of the place where the larceny was committed, also the animus furandi, and imposes on the prosecution the necessity of proving the locus delicti and the animus furandi.

4. **HABEAS CORPUS—Venue—Impeachment of Finding.** Where, on a plea of not guilty to an indictment for larceny, the jury found the defendant guilty as charged in the indictment, and, in effect, that the prisoner committed the offense within the jurisdiction of the court, as alleged, he cannot impeach the finding on habeas corpus by showing that the place where the offense was committed is without the jurisdiction of the court.

(Syllabus by the Court.)

Application of Rob Millsap for writ of *habeas corpus*. Writ discharged, and prisoner remanded.

*Wadlington & Wadlington,* for petitioner.

*Ben Franklin,* County Atty., for respondent.

TURNER, C. J. On June 27, 1911, pursuant to the prayer of his petition, one of the justices of this court ordered that a writ of *habeas corpus* issue, directed to the sheriff of McClain county, by whom petitioner alleged himself to be illegally restrained of his liberty. He further alleged the cause thereof to be a certain judgment of conviction on an indictment for larceny and sentence thereon of the district court of said county that he be confined in the state penitentiary for one year, which said judgment he says is void for want of jurisdiction, and from which, in due

time, he prosecuted, by petition in error and case-made, his appeal to the Criminal Court of Appeals, which had dismissed the same. The record in said cause is made an exhibit to his petition.

The power of this court to issue this writ and examine the proceedings of the trial court, so far as may be necessary to ascertain whether that court exceeded its authority, is no longer an open question. Quoting approvingly from *Ex parte Harlan,* 1 Okla. 48, 27 Pac. 920, the court, in *Re Patswald,* 5 Okla. 789, 50 Pac. 139 said:

"The law is well settled that in a case like the present, in which the petitioner is in execution upon a conviction, the writ of *habeas corpus* ought not to be awarded, if the trial court had jurisdiction of the person and of the crime charged, and did no act beyond the powers conferred upon it. And the proceedings of the trial court will be examined, so far as necessary to determine the question of jurisdiction. And, if it appears that the court transcended its powers, the writ will be granted, and the prisoner discharged, even after judgment. But, if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors."

Hence, as stated, in *Ex parte Lange,* 18 Wall. 163, 21 L. Ed. 872:

"Disclaiming any assertion of a general power of review over the judgments of the inferior courts in criminal cases, by the use of the writ of *habeas corpus,* or otherwise, we proceed to examine the case as disclosed by the record of the circuit court and the return of the marshal, in whose custody the prisoner is found, to ascertain whether it shows that the court below had any power to render the judgment by which the prisoner is held."

The process seems fair on its face. Where this is the case, the rule is stated in the Patswald case, *supra,* to be:

"If the process is valid on its face, it will be deemed *prima facie* legal, and the prisoner must assume the burden of impeaching its validity by showing a want of jurisdiction."

From the proceedings of the trial court and the return to the writ, it appears that at the September, 1908, term of the district court of McClain county petitioner was indicted for the larceny of a cow "in said county of McClain, state of Oklahoma, * * * on or about the 10th day of September and anterior to

the presentment hereof  *  *  *  of the value of $15." There was a plea of not guilty. Said indictment was based upon Snyder's Stats. of Okla. § 2606, which reads:

"That if any person shall steal any stallion, mare, colt, gelding, ridgeling, or any ass, genet, or mule, or any bull, cow, calf, steer, or stag, he shall be guilty of a felony and on conviction thereof shall be punished by confinement in the state penitentiary for a term (of) not less than one or more than ten years."

In his opening statement, the county attorney stated that at the time of the taking the animal in question was an estray, and such it was conceded, and the undisputed testimony shows it, to be. This being the state of the record, petitioner contends that the court was without authority of law to render the judgment of conviction, because, he says, an estray was not a subject of larceny. Not so. To constitute larceny of an estray, afterwards converted, as was this one, by defendant to his own use, by disposing of it to a butcher in McClain county, after statehood, as he admits, the felonious intent to misappropriate must exist at the time he took possession. Where such intent or *animus furandi* exists he is guilty of larceny. *Starck v. State,* 63 Ind. 285, 30 Am. Rep. 214; *Boer v. State* (Tex. Cr. App.) 28 S. W. 951; *Burger v. State,* 83 Ala. 36, 3 South. 319; *Gosler v. State* (Tex. Cr. App.) 56 S. W. 51; *Adolphus Cameron v. State,* 44 Tex. 652; *Matt. Debbs v. State,* 43 Tex. 650; *Wash Beatty v. State,* 61 Miss. 18; *State v. White,* 126 Mo. 591, 29 S. W. 591; *Michael Land v. State,* 40 Neb. 312, 58 N. W. 963; *J. B. Pitts v. State,* 3 Tex. App. 210; *Fred McCarty v. State,* 36 Tex. Cr. R. 135, 35 S. W. 994; *State v. Casteel,* 53 Mo. 124; *State v. Martin,* 28 Mo. 530. The existence of this intent the jury found as a fact, under proper charge of the court, and in effect that the larceny was committed at the time petitioner first took the animal into his possession. This finding is conclusive on us, and cannot be reviewed in this proceeding. Brown on Juris. § 110, says:

"The three essential elements necessary to render conviction valid:  *  *  *  These are that the court must have jurisdiction over the subject-matter, the person of the defendant, and authority to render the particular judgment. If either of these

elements are lacking, the judgment is fatally defective. Where these elements exist, the judgment of the court is final and conclusive as against the world, and errors in ruling on motions, demurrers, the reception or exclusion of evidence, or in the determination of the facts by the jury cannot be tried or reviewed by the writ of *habeas corpus.*"

It is next contended, in effect, that, as the verdict of the jury fixed the larceny as having been committed at the time of the taking, and the undisputed testimony showed that said taking was in Indian Territory before the erection of the state, the venue of the offense charged was proved to have been at a place without the jurisdiction of the court, and where said statute was not in force. In other words, "that the prosecution failed to prove the venue to be in McClain county, as alleged in the indictment." Not so. Venue being a jurisdictional fact (22 En. of Pl. & Pr. 827), it devolved upon the state to prove it as laid. Being, like the *animus furandi,* an issuable fact, it was also put in issue by defendant's plea of not guilty. In the syllabus, in *People v. Bevans,* 52 Cal. 470, it is said:

"The plea of not guilty put in issue the averment in the indictment of the place where the crime was committed, and imposes on the prosecution the necessity of proving the *locus, delicti.*"

In Bouvier's Law Dictionary, under "Not Guilty," it is said:

"In criminal cases, when the defendant wishes to put himself on his trial, he pleads not guilty. This plea makes it incumbent upon the prosecutor to prove every fact and circumstance constituting the offense, as stated in the indictment, information, or complaint. On the other hand, the defendant may give in evidence under this plea not only everything which negatives the allegation in the indictment, but also all matters of excuse and justification."

By finding defendant guilty, as alleged in the indictment, the jury, in effect, found that the offense was committed in McClain county, Okla., as alleged. This finding of fact is also conclusive on us, and cannot be impeached in this proceeding. Church on *Habeas Corpus,* § 368, says:

"While the writ of *habeas corpus* cannot be made to take the place of a writ of error, appeal, or *certiorari,* and cannot have

the force or effect of those proceedings, jurisdiction of the person, place, and subject-matter, at least. must exist in order to make a valid judgment; and if either is wanting the judgment is void, and the imprisonment without authority of law. The question of jurisdiction over the subject-matter is one of fact, to be proved or admitted, as any other facts alleged. Ordinarily, in criminal trials, the jurisdiction of the court over the place where the offense is alleged to have been committed is assumed. If admitted by pleading over; that ends the matter. If traversed, and the jury find that the prisoner committed the offense within the jurisdiction of the court, as alleged, the defendant cannot impeach that finding on *habeas corpus* by showing that the place where the offense was commited is without the said territorial limits."

*In re Newton,* 16 Com. B. 97, was an application for a writ of· *habeas corpus.* The facts were that at a session of the Central Criminal Court theretofore held, petitioners were tried upon an indictment containing several counts, one of which was a misdemeanor, upon which they were found guilty and sentenced to imprisonment in the county gaol for three calendar months. The indictment alleged that the offense was committed in the ground of the Beulah Spa at Norwood, in the parish of Lambeth, and within the jurisdiction of said court. Application was made to Creswell, J., at chambers, for the discharge of the prisoners on *habeas corpus.* The writ was refused. Williams, J., speaking for the court said:

"The averment that the offense was committed within the jurisdiction of the Central Criminal Court was just as material as any other averment contained in the indictment. If the prosecutor had failed to prove it, he would have failed to sustain the indictment, and the prisoner would have been entitled to an acquittal. If an application of this sort could be entertained, it would be open to a party, after a lengthened inquiry at the assizes as ·to whether or not the alleged offense was committed within the county, to cause himself to be brought .up by *habeas corpus,* and have the whole matter tried over again upon affidavits. So monstrous a state of things never could be."

A part of the syllabus reads:

"This court has no power to grant a *habeas corpus* to bring up a prisoner who has been convicted at the Central Criminal

Court, on the ground that the offense charged was committed at a place out of the jurisdiction of that court."

The court, in *People ex rel. Tweed v. Liscomb,* 60 N. Y. 559, 19 Am. Rep. 211, cites this case with approval, and speaks of it as holding that:

"When a prisoner, convicted in a court of local, limited jurisdiction, sought to be discharged on *habeas corpus,* on the ground that the offense was committed without the jurisdiction of the court, the application was denied, for the reason that the indictment charged the *locus in quo* to be within the jurisdiction of the court, and that fact must have been found by the jury, if traversed, or the jurisdiction was admitted; the court holding that the truth of the record could not be impeached on *habeas corpus.* The general principle that the want of jurisdiction appearing upon the record would be good cause for a discharge was not questioned."

In support of this doctrine, see, also, *Ex parte Edgington,* 10 Nev. 215.

As there is nothing in the record by which we can be informed that the larceny in question was committed in a place other than McClain county, it is unnecessary to decide whether, if it was, the statute under which said conviction was had was in force over that place. And, as there is no authority cited in support of the proposition that the offense was "nothing but a misdemeanor," and that therefore the court acted in excess of its jurisdiction in sentencing petitioner for a felony, and we can find none, the writ is discharged, and the prisoner remanded to the custody of the sheriff of McClain county.

All the Justices concur.