## JACOBS et al. v. DUNCAN et al.

No. 9538.—Opinion Filed March 11, 1919.

On Petition for Rehearing, June 17, 1919.

(Syllabus by the Court.)

**1. Adoption—Inheritance—Statutory Rights.**

An adopted child has only such rights to inherit the property of his adopting parent as the statute under which he is adopted gives him.

**2. Same—Laws of Choctaw Nation.**

Record examined and held, that the right of an adopted child to inherit from his adopting

parent is not conferred by the statutes of the Choctaw Nation relied upon for that purpose.

Error from District Court, Jefferson County; Cham. Jones, Judge.

Action by Rhoda Jacobs and others against Lester Duncan and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with directions.

R. C. Drake and Geo. T. Arnett, for plaintiffs in error.

Bridges & Vertrees and W. F. Semple, for defendants in error.

KANE, J. The land involved herein was the allotment of Sallie Hokabe, a full-blood Choctaw Indian, who died during the year 1903; the land being subsequently allotted by an administrator. The allottee left surviving her sister, Rhoda Jacobs, the children of several deceased sisters, and one James Meshaya, who it was alleged was legally adopted by the allottee pursuant to the laws in force in the Choctaw Nation, some time during the year 1897 or 1898. The plaintiffs claim the land through conveyances from the kindred of the allottee and their assigns, and the defendants claim the land through conveyances from James Meshaya and his assigns. The court below decided in favor of the latter claimants and entered judgment accordingly, to reverse which this proceeding in error was commenced.

The sole question involved is stated by counsel for plaintiffs in error in their brief as follows: Defendants in error claim the title by deed from James Meshaya, and contend that the said James Meshaya, by reason of the purported adoption, was heir to the land, and, if their contention is correct, this case should be affirmed; otherwise, plaintiffs in error should recover their three-fourths interest in the land.

The theory of the prevailing parties is stated by their counsel in their brief as follows:

"At the date of the death of the allottee in this case the laws of descent and distribution as embraced in chapter 49 of Mansfield's Digest of the Statutes of Arkansas were in force in the Indian Territory; but at the date of the adoption the laws of the Choctaw Nation were in force, and controlled as to the status created by the act of adoption. Nothing is said in chapter 49 of Mansfield's Digest with reference to adopted children. The right to inherit is neither conferred nor denied by statute. * * * It is not a question of a change of domicile, nor strictly a question of comity between states, nor of the effect to be given to a judgment or statute of a foreign state. To all intents and purposes, James Meshaya was the child of Sallie Hokabe, when the Choctaw laws of inheritance were supplanted by chapter 49 of Mansfield's Digest. How he attained that status is not material. It is sufficient to say that the law in force at the date of adoption controls as to the relation created by the act of adoption, and not the law in force at the date of death of the adopting parent."

Assuming that James Meshaya was legally adopted as alleged, we will now examine the Choctaw statutes, by virtue of which it was claimed he acquired the status which entitled him to inherit the lands of Sallie Hokabe as her heir.

The Choctaw statute on adoption provides:

"Any person or persons who may wish to adopt an illegitimate or orphan child or children shall file a petition to that effect with the clerk of the county they may reside in, which shall remain on file for thirty days; and if no legal or just cause is shown why the petition shall not be granted, then the county judge shall grant the petition and cause the same to be recorded in the county clerk's office, after which the adoption shall be as binding as if done by special act of the General Council."

There was some evidence tending to show that James Meshaya was adopted under this law, but, the records themselves having been burned, no attempt was made to show the contents of the petition filed or of the order of the county court granting the petition.

The Choctaw law of inheritance in force in that nation at the time of the alleged adoption provides as follows:

"An act relating to persons dying intestate or without a will.

"Be it enacted by the General Council of the Choctaw Nation assembled, that, from and after the passage of this act, the property of all persons who died intestate or without a will shall descend to his legal wife or husband and their children."

The contention is that the mere event of adoption fixed the legal status of the adopted child and that thereafter he stood, as to the property of the adopting parent, in the same light as a child born in lawful wedlock. Powers v. Hafley, 85 Ky. 671, 4 S. W. 683, Wolf et al. v. Gall et al., 174 Cal. 140, 162 Pac. 115, In re Estate of Wardell, 57 Cal. 484, Humphries v. Davis, 100 Ind. 274, 50 Am. Rep. 794, and other cases of this class are relied upon to support this contention. We have examined these cases and the other cases discussing similar questions, and find that invariably the right of inheritance was either fixed by the special act providing for the adoption, as in the Kentucky case, or by the general law upon that subject, as in the other cases. There is no dissent from the

proposition that the right of inheritance is not necessarily incident to the relationship of parent and child and hence is not necessarily incident to the relationship of adoption, or that the enactment itself must be looked to to ascertain the right of the parties to inherit. In other words the adopted child has only such right to inherit the property of his adopting parent as the statute under which he is adopted gives him. Coombs et al. v. Cook, 35 Okla. 326, 129 Pac. 698; Boaz et al. v. Swiney et al., 79 Kan.. 332, 99 Pac. 621. This is the principal question appealing parties contend for.

Discussing the very statute which counsel claim confers the right of succession upon James Meshaya, Mr. Justice Hayes, in delivering the opinion , for the court  in the Coombs Case, says:

"What effect an adoption under the statute has upon the right of an adopted child to inherit from its adopting parent is not disclosed by the foregoing statute pleaded and proved, which states that adoption made in county courts shall be as binding as if done by special act of the General Council."

As we fully agree with the conclusion of the learned justice that the right of an adopted child to inherit from his adopting parent is not disclosed by this statute, and as it is conceded that James Meshaya was not entitled to inherit either under the common law or under the statute of descent and distribution in force at the time of the death of the allottee, it must follow that the right does not exist.

For the reasons stated, the judgment of the court below is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur, except RAINEY, J., not participating.

On Petition for Rehearing.

PER CURIAM. Upon rehearing it is suggested by counsel for defendants in error that, if the cause is remanded for a new trial, they will be able to amend their pleadings and show that, under the construction placed upon the statutes involved herein by the Supreme Court of the Choctaw Nation, adopted children had the same status as natural children in the matter of inheriting the lands of adopting parents. This question was not in the case as formerly presented to this court, and it was not the purpose of the opinion to foreclose raising it in the trial court if, in the opinion of the judge thereof, it furnishes a proper subject for amendment.

The same may be said of the question raised by the third ground for reversal assigned by counsel for plaintiff in error: "Is the deed from Rhoda Jacobs and Emma Jacobs a valid deed?" This question was not passed upon by the trial court, and consequently was not subject to appellate review.

Without expressing an opinion upon either of these questions the cause will be reversed and remanded for a new trial.

As thus modified, the petition for rehearing is denied.