**Ex parte HENRY.**
**HENRY et al. v. BLALACK et al.**

No. 18279.    Opinion Filed Feb. 7, 1928.

Rehearing Denied March 20, 1928.

(Syllabus.)

1. **Habeas Corpus—Scope of Inquiry—Conclusiveness of Judgment of Court of Competent Jurisdiction.**

This court on habeas corpus will not look beyond the order and judgment of any court or judge having competent jurisdiction, as to mere irregularities of procedure or errors on questions over which the court or judge had jurisdiction.

2. **Same—Right to Custody of Child—Validity of Adoption not Affected by Mere Irregularities Acquiesced in.**

Where, in habeas corpus proceeding, the validity of an order of adoption is attacked, and the order and record thereon appear regular except the written consent to adoption shows to have been signed by the parents of the child before a county judge of a county other than that having jurisdiction to enter the order, and it being proven that the parents were not present or examined by the county judge entering the decree of adoption, such irregularities will not render the order of adoption null and void, especially so where it appears, as in the case at bar, that the parents acquiesced therein by delivering their child to the parties adopting and permitted it to remain with them for many months, and by returning the child, after a visit with them, to its foster parents.

3. **Same—Judgment Discharging Writ Against Foster Parents Sustained.**

Record examined; held, the evidence and record sufficient to sustain the judgment of the trial court in discharging the writ of habeas corpus.

Commissioners' Opinion, Division No. 1.

Error from District Court, Latimer County; D. C. McCurtain, Judge.

Action by Godbey G. Henry and Lessie Mae Henry, as petitioners, against T. S Blalack and Lula Blalack, respondents, for a writ of habeas corpus for the possession of a minor child, Thelma Louise Henry, sometimes known as Thelma Louise Blalack, held by respondents under and by virtue of an order of adoption. The writ was denied, and petitioners appeal. Affirmed.

L. S. Robson and H. D. Moreland, for plaintiffs in error.

Claud Briggs, for defendants in error.

LEACH, C. This action was instituted in the district court of Latimer county on the 4th day of October, 1926, by the plaintiffs in error, Godbey G. Henry and Lessie Mae Henry, as petitioners, filing their petition for a writ of habeas corpus, directed against the defendants in error, T. S. Blalack and Lula Blalack, respondents, for the possession of Thelma Louise Henry, sometimes known as Thelma Louise Blalack, aged three years, and alleged in their petition, in substance, that they are the natural father and mother of the said Thelma Louise Henry, and are entitled to the care, custody, and control of said minor child; that the respondents illegally and wrongfully have the custody of said minor child, and illegally and wrongfully refuse to deliver said minor child to petitioners; that said respondents claim the custody of said minor child under and by virtue of a pretended adoption proceeding, but which proceeding is wholly null and void for the reason that it was not in compliance with the statutes of the state of Oklahoma; further alleging that petitioners are well able to care for, and that respondents are not able to care for, said minor child; and prayed that the writ issue and that upon a hearing thereon petitioners be decreed the care, custody, and control of said minor child.

Petitioners, in their amended petition, pleaded fraud and deceit in the adoption proceedings, but in open court and before the hearing struck such allegations from their amended petition, and proceeded on the theory that the adoption proceedings were not in compliance with statute, and therefore void for the reason the necessary parties did not appear before the judge and that the judge did not examine them separately; that the consent was not executed before the county judge of Latimer county, and that the judge exercised his discretion without being fully informed.

The writ was duly issued, and respondents filed their return, denying all the material allegations of the petition, and alleged that they held the custody of the child under and by virtue of a contract of adoption approved by the county court of Latimer county, and attached to their return copies of the original proceedings for the adoption of Thelma Louise in the county court of Latimer county.

Upon the issues joined a hearing was had,

resulting in a judgment in effect discharging the writ.

The consent to adoption was signed by the parents of the child before the county judge of Tulsa county, and the decree of adoption was substantially complete and regular upon its face, reciting therein the written consent of the parents to the adoption of the child, the examination of the parties in open court, that it is to the best interest of the child that it be adopted by the Blalacks; their petition to adopt the child and the record shows the written consent of the Blalacks' adoption of the child as required by statute.

The trial court in denying the application for the writ of habeas corpus did so upon the ground and for the reason that the only issue raised in the petition of the plaintiffs was that of the validity of the adoption proceedings, and that he had no power in the habeas corpus proceeding to inquire into and determine the validity or invalidity of the order of adoption made by the county court, and in what is denominated "Remarks by the Court" and incorporated in the journal entry, in part, said:

"Now, it appears to me, gentlemen, that you would have to revoke these proceedings (the order of adoption) * * * and that * * * could be done, and should be done, by a proceeding in the nature of a writ of certiorari and bring this adoption proceedings in this court for review. * * * Gentlemen, under the pleadings in this case, the sole and remaining question at issue is the validity of the adoption of this child. There are some other allegations in the petition for the writ of habeas corpus to the effect that the alleged illegal possession of this child was produced by fraud, deceit, etc., but that ground was in open court abandoned and the remaining question at issue is the validity of the adoption in the county court. * * *"

From this order and judgment of the court denying their application for a writ of habeas corpus, the petitioners have perfected this appeal. The several assignments of error presented by plaintiffs can be disposed of by a consideration and determination of their assignment of error No. 2, which is:

"Said court erred in refusing to grant said writ of habeas corpus."

The trial court, apparently, denied the writ upon the sole ground that he had no authority to inquire into the validity of the order or decree of adoption. We consider the correct rule to be that stated in 12 R. C. L. sec. 34, p. 1215, as follows:

"The ascertainment and enforcement of the custody of minor children by the use of the writ of habeas corpus is of an equitable

nature, and in such cases the question of personal freedom is not involved * * * as in the case of an adult person, but upon the court's view of the best interests of those whose welfare requires that they be in custody of one person or another; and hence a court is in no case bound to deliver a child into the custody of any claimant or of any person, but should, in the exercise of a sound judicial discretion, after a careful examination of the facts, leave it in such custody as the welfare of the child at the time appears to require."

See, also: Allison v. Bryan, 21 Okla. 557, 97 Pac. 282; Allison v. Bryan, 26 Okla. 520, 109 Pac. 934; In re Bush (Kan.) 27 Pac. 1003.

However, the theory upon which this action seems to have been tried and determined, and upon which it is here presented, is as to the validity of the adoption proceedings, and we are called upon to decide whether the adoption proceedings were void for want of jurisdiction, and that question alone do we consider and determine here.

In 1 C. J. 1392, the rule is announced as follows:

"In accordance with the well-settled principle that judgments and orders cannot be collaterally attacked, except for lack of jurisdiction, an order, judgment, or decree of adoption is not open to collateral attack because of mere irregularity or errors; but it may be thus attacked where it is void by reason of the fact that the judge or court had no jurisdiction to render it."

It was said in Ex parte Farnell, 19 Okla. Cr. 273, 200 Pac. 456:

"Where a court of record and of general jurisdiction exercises special or limited powers derived from statutes, and not in the exercise of general jurisdiction according to the common law, as provided in our juvenile statutes, the jurisdictional facts should appear in the record, and will not be presumed by this court in a proceeding in habeas corpus, attacking the jurisdiction of the court. A want of jurisdiction, under such circumstances, may be shown by evidence outside the record."

"On application for a writ of habeas corpus, errors or irregularities, not jurisdictional, will not be considered." Ex Parte Barnette (Okla. Cr.) 232 Pac. 456.

"This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law on questions over which the court had jurisdiction." Ex parte Plaistridge, 68 Okla. 256, 173 Pac. 646.

"The writ of habeas corpus does not deal

with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void." Ex parte Lyde, 17 Okla. Cr. 618, 191 Pac. 606.

The decree of adoption in this case and the written consent of the parties appear substantially regular upon their face, with the exception that the consent to adoption by the parents, petitioners, shows to have been signed before the county judge of Tulsa county. Section 8050, C. O. S. 1921, the statute in force at the time of the decree of adoption, reads:

"The person adopting a child, and the child adopted and the other persons whose consent is necessary, must appear before the county judge of the county where the person adopting resides, and the necessary consent must thereupon be signed, and an agreement be executed by the person adopting, to the effect that the child shall be adopted and treated in all respects as his own lawful child should be treated."

The above section was amended by the act of the 1927 Legislature, and the following proviso added thereto (chapter 78, p. 117, Session Laws of 1927):

"Provided, when the person whose consent is necessary does not reside in the county having jurisdiction of the adoption proceedings, such person may execute such consent or agreement before the county judge of this state or probate judge or judge having original probate jurisdiction of any other state of the county of his residence, which official shall affix a certificate thereto certifying the appearance of such person before him and the execution by such person of said consent or agreement."

At the time and date of the entry of decree of adoption in this cause the parties adopting the child, and the child, were within Latimer county and the jurisdiction of the court. Did the execution of the consent to the adoption by the parents of the child before the county judge of Tulsa county give the county judge of Latimer county jurisdiction of the parents and the right to consider and adjudicate the matter? We think so. The irregularity of signing by the parents, in view of their later conduct and acts, is not, to our minds, such an irregularity as to defeat the jurisdiction of the court and render void the decree of adoption. It was said in Re Hughes, 88 Okla. 357, 213 Pac. 79:

"The adoption of a child is essentially a matter of contract between the parties whose consent is required and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation."

In Re Howard's Estate, 125 Okla. 86, 256

Pac. 54, this court in construing the provisions of section 8050, C. O. S. 1921, supra, said in the body of the opinion:

"The principal purpose of the statute is that the consent be given, and not the manner in which it may be given."

In the same opinion there is cited with approval the quotation in the case In re Johnson, 98 Cal. 531, 33 Pac. 460; Peoples v. Supervisors, 34 N. Y. 272, as follows:

"Where the statute directs an act to be done in a certain way or at a certain time, and a strict compliance as to time or form does not appear to the judicial mind to be essential, the proceedings are held valid, although the command of the statute has been disregarded."

Even prior to the 1927 amendment referred to, in view of the foregoing, we do not consider it essential in every case that the parents of an adopted child execute their consent to the adoption before the court considering the petition of adoption, nor that they be examined.

It was said in Re Williams' Estate (Cal.) 36 Pac. 407, relating to adoption:

"Section 227, Code, providing that the judge shall examine all parties to the proceeding separately, is directory merely, and a failure to do so will not render the proceeding void."

It was also held in Re Johnson's Estate, 98 Cal. 531, 33 Pac. 460, that the examination of a child under the age of consent was unnecessary. And in Re McKeag's Estate (Cal.) 74 Pac. 1039, it was held that the failure of the judge to examine the father of the child is an error not affecting the validity of the proceedings.

If the judge of Latimer county had jurisdiction of the parties and subject-matter, and authority to render the particular decree, the irregularities of procedure could not be inquired into under the writ of habeas corpus.

The record in this cause discloses that the petitioners voluntarily signed the consent to adoption before the county judge of Tulsa county and surrendered their child to respondents, and after the decree of adoption they acquiesced therein, consented thereto by their acts and conduct; that possession of the child of petitioners was surrendered to them by respondents after the decree of adoption on one or more occasions, and after having the child visit them, they, petitioners, voluntarily returned it to its foster parents.

It was further said in Re Howard's Estate, supra:

"Where an adoption proceeding is collaterally attacked, upon the ground that the mother of the adopted child did not give her written consent, it is permissible to show by extrinsic evidence that she gave her oral consent at the time of the adoption, and has at all times since acquiesced in and ratified the adoption."

In Re Camp's Estate, 131 Cal. 469, 63 Pac. 736, an adoption proceeding, it was held:

"It is a well-settled rule of law that when the jurisdiction of an inferior or special tribunal, or its power to act in any particular case, depends upon the existence of a fact which is to be established before it by extrinsic evidence, the determination of that fact by the tribunal cannot be questioned in a collateral attack on this order."

It is urged by appellants, petitioners, that the case of In re Hughes, supra, and the ruling therein sustains them in their contentions here. We find nothing in that case that is of great benefit in arriving at a correct decision in this case, since the question of jurisdiction did not seem to be the final deciding issue in that cause.

From an examination of the entire record in this cause, we conclude that the county judge of Latimer county had jurisdiction of the parties and of the subject-matter, and authority to decree the adoption of the child of petitioners; that the apparent irregularities in the proceedings were not of such a nature as to render the decree of adoption void.

We have examined the entire record, and while the trial court denied the writ, possibly on somewhat a different theory from ours, yet we think the judgment denying the relief sought, under the record and upon the theory on which the case was tried, correct. It is regrettable that we are unable to award the relief and judgment desired by all parties to an action, especially of this character, but parties cannot in every instance undo or avoid their acts even though they may appear to them in the light of later events to have been erroneous and ill-considered.

For the reasons stated, the judgment of the trial court in discharging the writ is affirmed.

TEEHEE, FOSTER DIFFENDAFFER, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 52, §46 (Anno) ; 12 R. C. L. p. 1185. (2) 29 C. J. p. 113, §108; 1 R. C. L. p. 626; 1 R. C. L. Supp. p. 222; 4 R. C. L. Supp. p. 44; 5 R. C. L. Supp. p. 36. (3) 29 C. J. p. 167, §191.