## Ex parte VANCUREN.
## LEWIS et al. v. VANCUREN.

No. 18924.    Opinion Filed Feb. 5, 1929.

Drennan & Drennan, for plaintiffs in error.

Breeden & Breeden, for defendant in error.

FOSTER, C. This action was begun in the district court of Grant county by Jesse Vancuren, father of Mary Katherine Vancuren, a minor of the age of three and one-half years, to recover her possession from Wesley Lewis and Nettie Lewis, husband and wife.

After appropriate pleadings were filed, the court granted a judgment in favor of the petitioner for the care and custody of the said child, from which the respondents appeal.

It appears from the pleadings and evidence that Mary Katherine Vancuren is the child of Jesse Vancuren and Christina Vancuren; that Christina Vancuren died when the child was only a few months old; that thereafter Mary Katherine was kept part of the time by the father, Jesse Vancuren, and part of the time by some of the relatives, also by a Mrs. Waymire, and for a period of about six months was placed in the state

home for delinquent children at Helena, Okla., and at different times was kept by the respondents; that on or about March 5, 1926, under an agreement between the petitioner and the respondents, the child was left with the respondents with the understanding that they should take care of her, and the petitioner was to pay the expense of her clothing; that soon thereafter, the petitioner left and went to the city of Winfield, Kan., where he secured employment but communicated with the respondents at frequent intervals, according to the testimony of both parties, until in December, 1926; that thereafterwards he did not receive any letters from respondents, but testified that he wrote several letters to them and received no reply. The respondents say they never received a letter after December, 1926. The petitioner also testifies that he sent money at different times to buy clothing for the child, which the respondents **deny.**

On April 9, 1927, the respondents appeared before the county court of Grant county, and filed a joint petition for the adoption of the said child, alleging in the petition that the father had deserted the child more than two years prior to that date, and that they had not heard from him, and thereupon the court made an order of adoption in favor of the respondents, and changed the name of the child to Mary Katherine Lewis.

On May 23, 1927, the petitioner filed this habeas corpus action praying for the custody of his child. At a trial before the court, at which all parties were present, the judgment was granted in favor of the petitioner giving him custody of the child and making findings of fact against the contention of the respondents and in favor of the petitioner.

The testimony on behalf of the respondents discloses that, in the filing of the petition for the adoption of the child, they informed the judge who prepared the papers that the father of the child had not contributed to its support for more than two years, and that the judge erroneously stated in both the petition and order of adoption that the father had not been heard from for more than two years.

The testimony further shows that the father is a man of very little means and has no particular home, but is working in Winfield, Kan., trying to arrange a home for this child as well as another child about six years of age; that the respondents are able, willing, and anxious to take care of the child, and have a great affection for her, and have always given her and are willing to continue to give her a good home.

The court in his findings found generally in favor of the petitioner; also holding that the decree of adoption in the county court, which was made without the consent of, or notice to, the petitioner, did not preclude him from bringing this action; that there had been an agreement between the parties that the petitioner should take care of the child, which agreement had never been canceled or rescinded, and that the same could not be rescinded without notice to the father.

The respondents in their motion for a new trial and petition in error set up eight specifications, but the only two argued are as follows: (1) That the district court had no jurisdiction in this matter; and (2) that it is for the best interest of the minor, Mary Katherine Vancuren, that she be left with the respondents.

It is contended under the first assignment that the district court had no jurisdiction of the matter, for the reason that the decree of adoption by the county court, being duly and legally made, and the court having jurisdiction of the adoption of minors, and the order being unappealed from, is binding on the trial court.

To support this contention, the respondents rely upon section 8048, C. O. S. 1921, giving the county court jurisdiction in cases of adoption, and upon section 8052, C. O. S. 1921, which is as follows:

"If the court is satisfied that the parents of the child or the survivor of them has deserted his or her family, or such child, for the space of one year next preceding the application, or if neither is living, the guardian, or if there is no guardian, the next of kin in this state capable of giving consent, has notice of the presentation of the petition and consents to such adoption, or that such child has no father or mother living, and no next of kin living in this state capable of giving consent, or is a foundling, and that the facts stated in the petition are true, and that the petitioner is of sufficient ability to bring up the child and furnish suitable nurture and education, and that it is fit and proper that such adoption should be made, a decree shall be made setting forth the facts, and ordering that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner or petitioners, and may decree that the name of the child be changed according to the prayer of the petition."

After citing the above sections, the respondents rely upon a list of cases, most of which are criminal, in which it is held that, in a habeas corpus proceeding, the court

will not look beyond the judgment and sentence of any court, no matter how irregular, erroneous, or unsupported by evidence. The writ of habeas corpus cannot be used to perform the basis of a writ of error or for appeal. Ex parte Harlan, 1 Okla. 48, 27 Pac. 920; State v. Kilvington (Tenn.) 41 L. R. A. 284; Ex parte Justus, 3 Okla. Cr. 115, 104 Pac. 933; Ex parte Plaistridge, 68 Okla. 256, 173 Pac. 646.

But these cases are not in point. While the county court has general jurisdiction in adoption cases, it does not follow that any purported judgment cannot be attacked by habeas corpus. Here the adoption was made without any notice to, or consent of, the father, the mother being dead. The decree of adoption so shows upon its face.

According to the Constitution of Oklahoma, section 10, article 2, a writ of habeas corpus is never suspended. So the question in this case is, whether or not the judgment of adoption would be a complete defense thereto.

Section 8046, C. O. S. 1921, is as follows:

"A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a father or mother deprived of civil rights or adjudged guilty of adultery, or of cruelty, and for either cause divorced or adjudged to be an habitual drunkard, or who has been judiciously deprived of the custody of the child, on account of cruelty or neglect."

Under section 8052, supra, as we see it, no adoption is legal, where the father and mother are living, with neither notice to, nor consent of, such parents. The manner of giving consent is not material. In re Estate of Howard, 125 Okla. 86, 256 Pac. 54. The adoption decree showing upon its face that there was no consent of, nor notice of any kind given to, the father, we believe the same does not preclude the petitioner from bringing this action. Henry v. Blalack, 130 Okla. 106, 265 Pac. 105.

1 R. C. L. p. 628, section 39, says:

"The principle that notice, actual or constructive, is essential to the entry of a valid judgment affecting the rights of a party, applies to proceedings for the adoption of a child, and an order of adoption based on the abandonment of a minor child by his parent is not conclusive against the latter if issued without notice to him of the proceeding, and an opportunity given to defend against it. * * * And it has been held that a stranger to the adoption proceeding may collaterally attack the judgment of adoption as invalid because notice thereof was not

given to the natural parents, and they did not appear therein or consent thereto."

Under the second proposition, it is contended by the petitioner that the same was not assigned as error either in the motion for new trial or in the petition in error. From an examination of both petition in error and motion for a new trial, we find no such assignment, and under the oft-repeated rule, such assignment will not be considered by this court. Graham v. Yates, 36 Okla. 148, 128 Pac. 119; Menten v. Shuttee, 11 Okla. 381, 67 Pac. 478; Yates v. First Nat. Bank of Mill Creek, 42 Okla. 95, 140 Pac. 1174.

However, we have examined the record and do not believe the finding of the trial court was against the weight of the evidence. We understand it is well established that the interest of the child must be the first consideration in determining who shall have custody of, or be guardian for, any minor child. The cases cited along this line apply to the custody and guardianship only, and we doubt if the rule should be strictly applied in adoption cases. But, in any event, what is best for the child lies largely in the discretion of the trial court, and its judgment will not be reversed in any case, unless the same is against the clear weight of the testimony. We find ample evidence in this case to support the court's findings and judgment.

The case is affirmed.

BENNETT, TEEHEE, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note. — See "Appeal and Error," 3 C. J. §863. p. 967, n. 42; §1462, p. 1330, n. 44; "Habeas Corpus," 29 C. J. §108, p. 114, n. 60.