MILLER v. COMBS et al.

No. 31675. Feb. 20, 1945.

Rehearing Denied March 20, 1945.

156 P. 2d 811.

P. D. Erwin, of Chandler, for plaintiff in error.

Embry & Sutton, of Chandler, for defendants in error.

DAVISON, J. This cause is presented on appeal from a judgment of the district court of Lincoln county holding that the adoption of Iona Dell Miller as the child of L. E. Miller and Leafy Miller was regular and legal and declining to vest any interest in and to certain described real property in the plaintiff, Daniel S. Miller. The action was instituted on August 7, 1942, by Daniel S. Miller against O. E. Combs, F. L. Combs, Leafy D. Miller, and Iona Dell Haley, or Iona Dell Miller, as defendants.

In his petition plaintiff asserted ownership of an undivided one-half interest in and to two pieces of real estate situated in Lincoln county, Okla., an 80-acre farm, and four lots in the town of Sparks. The property is alleged to have formerly been the property of John L. Miller and Mary S. Miller, father and mother of Loren E. Miller, and to have passed to the last named person by inheritance. Leafy D. Miller is the surviving wife of Loren E. Miller and plaintiff herein is his brother.

One of the principal questions in this litigation is the validity and effectiveness of an adoption proceeding concluded before the county court of Lincoln county, Okla.

On August 21, 1923, L. E. Miller, also known as Lauren E. Miller and Loren E. Miller, and Leafy Miller, also known as Leafy D. Miller, husband and wife, presented to the county court of Lincoln county their joint petition seeking to adopt Iona Dell Haley, a child eleven months old and the daughter of A. C. Haley. The ages of the petitioners were alleged to be 45 years and 52 years, respectively. The petition was accompanied by a written consent to the adoption executed by the father, who now says that he did not understand his personal presence at the hearing was necessary, and therefore did not attend. The mother of the child, Leona Gertrude Haley, was deceased, having died when the child was quite young. The adopting father and mother were the grandparents of the child.

Upon the presentation of the petition the county court entered its order making the child the adopted child of L. E. Miller and Leafy Miller and changing its name to Iona Dell Haley Miller.

The plaintiff, as plaintiff in error before this court, contends that the adoption proceedings were and are void, for several reasons, which it is said are:

1. The failure of A. C. Haley to personally appear in court.

2. The failure of A. C. Haley to execute in court the necessary consent to adoption.

3. The failure of the Millers to execute an agreement to the effect that they would treat her in all respects as their lawful child.

This position of the plaintiff is based upon the provisions of R. L. 1910, § 4392, which reads:

"The person adopting a child, and the child adopted and the other persons whose consent is necessary, must appear before the county judge of the county where the person adopting resides, and the necessary consent must thereupon be signed, and an agreement be executed by the person adopting, to the effect that the child shall be adopted and treated in all respects as his own lawful child should be treated."

The above-quoted section of the statute was amended in 1927. However, we are here concerned with the section as above quoted and as it read prior to the 1927 amendment.

Insofar as the statute requires that the adopting persons execute an agreement to take care of the child as their own, we are of the opinion that such agreement is fairly inferable from the joint petition prepared and presented by them in which they jointly express their intention to so act and to "adopt said child as their own."

The instrument executed was signed on August 18, 1923, and consented to the adoption of the minor child by Leafy Miller and L. E. Miller. It does not appear to have been executed before the county judge of Lincoln county.

The failure of Haley to appear before the county judge for the purpose of executing a consent to adoption was a mere irregularity in no wise vital to the adoption proceeding or the validity thereof.

One requirement of the statute was ignored or overlooked. The consent to the adoption was not executed by the child's father before the county judge of Lincoln county, but it was executed and intended to be effective. The father as a witness in the case at bar testified that he "fully intended to unqualifiedly consent to the adoption of his daughter without any reservation," and that "it had always been his desire that the adoption proceedings be given full force and effect."

Leafy Miller, the mother of the adopted child, testified that the child had been adopted by her husband and herself and had lived with them throughout the years without question by anyone entitled to object to the adoption.

In the case of In re Howard's Estate, 125 Okla. 86, 256 P. 54, this court was presented a similar problem and disposed of the same by upholding the adoption therein involved, although the mother was not present in court and had not consented in writing to the adoption. We held that "the principal purpose of the statute is that the consent be given, and not the manner in which it may be given." We pointed out that the mother had in fact consented to the adoption and that the adopted child had remained in the custody of the adopting parents without complaint on the part of any person directly interested in the adoption.

In disposing of the foregoing case we held that it was permissible to show that the mother had given her oral consent to the adoption, and that when that fact was established the decree of adoption was immune from successful collateral attack. See, also, Henry v. Blalack, 130 Okla. 106, 265 P. 105, and In re Martin's Estate, 169 Okla. 55, 35 P. 2d 968.

Under our holding in Re Howard's Estate, supra, Henry v. Blalack, supra,

and Re Martin's Estate, supra, we entertain the view that the failure of Haley to appear before the county court of Lincoln county was a mere irregularity, and that the adoption proceedings herein presented are immune from successful collateral attack. It follows that Iona Dell Haley Miller was the adopted daughter of Loren E. Miller and Leafy D. Miller.

It is also contended by Daniel S. Miller that the adopted child could not inherit property from the parent which the latter had acquired by inheritance from his father. It is pointed out in this connection that the property involved in this action was acquired by L. E. Miller through inheritance from his father and mother. L. E. Miller had inherited this land before his death, in fact before the adoption of Iona Dell Haley Miller. Our statute dealing with this problem is 10 O.S. 1941 § 52, which reads:

"A child so adopted shall be deemed, for the purposes of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption nor property from the lineal or collateral kindred of such parents by right of representation."

The meaning of the foregoing statute is sufficiently clear to eliminate debate in the case at bar. The adopted child in the case at bar is not asserting a right to inherit from her father's father, but only to inherit from her father the property which he had previously inherited from his father. We are unable to find in the statute any prohibition against such inheritance. Obviously, the intent of our Legislature was to make an adopted child the full heir of the adoptive parents.

Our attention has been directed to a number of decisions by this court and other courts dealing with the right of adopted children to inherit and the ex-

tent of that right. Jacobs v. Duncan, 75 Okla. 71, 181 P. 936; Calhoun v. Bryant, 28 S.D. 266, 133 N.W. 266; 2 C.J.S. 452; 1 C.J. 1398; Bradley v. Tweedy, 185 Wis. 393, 201 N.W. 973; In re Thorne's Will [Brantingham v. Huff] 155 N. Y. 140, 49 N.E. 661; In re Captain's Estate, 191 Okla. 463, 130 P. 2d 1002; Meads v. Human, 84 Okla. 82, 202 P. 797; McCoy v. Lewis, 166 Okla. 245, 27 P. 2d 350.

Our examination of the foregoing cases fails to disclose any rule or reason for departing from the views and conclusion herein announced. We therefore conclude and hold that Iona Dell Haley Miller, the adopted child, was entitled to inherit and did inherit from her father an undivided one-half interest in the property involved in this action.

The plaintiff, Daniel S. Miller, also asserts the invalidity of the final decree in the Lauren E. Miller estate and that the same is not conclusive of plaintiff's rights.

Our conclusion in the case at bar corresponds to the conclusion of the county court in the administration of the estate. The validity of the county court decree need not be considered in this appeal.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and ARNOLD, JJ., concur.